484 So.2d 1374 (1986)
BROWARD COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
John La ROSA, Appellee.
No. 84-404.
District Court of Appeal of Florida, Fourth District.
March 19, 1986.
*1375 Harry A. Stewart and Susan F. Delegal, Gen. Counsel, and John Franklin Wade, Asst. Gen. Counsel, Fort Lauderdale, for appellant.
Gary M. Farmer of Gary M. Farmer, P.A., Fort Lauderdale, for appellee.
GOLDMAN, MURRAY, Associate Judge.
This is an appeal from a final summary judgment finding Section 16 1/2-67 of the Human Rights Ordinance of Broward County, Florida invalid and unconstitutional.
On June 21, 1978, Broward County adopted the Broward County Human Rights Ordinance, codified as Broward County Code 16 1/2-1 Thru 16 1/2-94. The ordinance created an administrative agency, called the "Broward County Human Rights Board." Those claiming to have been illegally discriminated against may file a complaint with this Board. Such complaints are then investigated to determine if there is reasonable cause to believe that illegal discrimination has occurred. Should a finding of reasonable cause be made, the ordinance provides first for attempts at conciliation between parties, and if unsuccessful then for hearing before a panel of the Human Rights Board.
If the hearing panel finds that the respondent has engaged in a "discriminatory practice":
the board or panel shall state its finding of fact and conclusions of law and shall issue an order requiring the respondent to cease and desist from the discriminatory practice and to take such affirmative action as in the judgment of the board or panel will carry out the purposes of this chapter. Sec. 16 1/2-67(a).
Affirmative action includes:
Payment to the complainant of actual damages for injury including compensation for humiliation and embarrassment suffered as a direct result of a discriminatory practice... . Sec. 16 1/2-67(b)(8).
It is from proceedings under this ordinance that the present case arose.
In 1980 Clifton G. Smith filed a complaint with the Broward County Human Rights Board charging Appellee with illegal racial discrimination in housing. The charge was investigated, and after attempts at conciliation failed, the matter was heard by a panel. Smith was represented at the hearings by an attorney from the Broward County General Counsel's office (which also represented the Board as legal advisor). At the close of the evidence[1] the Board announced a finding in favor of Smith. Since no evidence of damages had been presented, a further hearing was held, after which the Board entered a final order requiring Appellee to pay Smith $4,000.00 *1376 as compensation for humiliation and embarrassment and $5,000.00 for attorneys fees, and requiring Appellee to cease and desist from further acts of racial discrimination.[2] Appellee thereupon filed suit in the Broward County Circuit Court seeking a declaration that the ordinance was unconstitutional and an injunction against enforcement of the final order.
Appellee filed a motion for summary judgment and both parties agreed that there was no genuine issue of material fact. After hearing, Final Summary Judgment was entered in favor of Appellee.
The first matter to be addressed is the scope of the judgment itself. Appellant contends that the Court declared the entire ordinance unconstitutional, while Appellee contends that only Section 16 1/2-67 was declared unconstitutional.
Paragraph 2 of the Final Summary Judgment reads in pertinent part:
The Court concludes from this record that the "Broward County Human Rights Ordinance, Section 16 1/2-1 to Section 16 1/2-71, Broward County Code, is invalid and unconstitutional, to the extent that it empowers the Human Rights Board of Broward County to issue an order requiring Plaintiff to cease and desist from `committing acts of racial discrimination in connection with the rental of housing units' and to take certain `affirmative action' specified in its order of May 12, 1981, including the payment of money damages, expenses and attorney's fees, all as ostensibly authorized by Section 16 1/2-67... ."
The Final Summary Judgment goes on to say and adjudicate:
Adjudged as follows:
2. The Human Rights Ordinance of Broward County, Florida is invalid and unconstitutional to the extent that it provides in Section 16 1/2-67 thereof, that an administrative agency of the Defendant Broward County can impose a binding final order on the Plaintiff to cease and desist and take affirmative action, consisting of the payment of money damages because it violated Article I, Section 18 of the Florida Constitution and thereby deprives the Plaintiff of his right to due process of law under the Federal and Florida Constitutions (Emp. added).
The initial finding of the judgment might appear to encompass the entire ordinance, although it does contain limiting language. However, the adjudicatory portion of the judgment clearly limits its effect to Sec. 16 1/2-67(8), and it is so held.
Having found that the Final Summary Judgment only invalidated the penalty and enforcement provisions of the Human Rights Ordinance Sec. 16 1/2-67(b)(8), the next consideration is whether this section does indeed fail to pass constitutional muster.
The trial judge found that Sec. 16 1/2-67(b)(8) violated Article I, Section 18 of the Florida Constitution and thereby deprived the Plaintiff of his right to due process.[3]
Appellant argues that the ordinance does not provide for a penalty, but only permits the payment of damages.
The term "penalty" was defined by the United States Supreme Court in United States v. Chouteau, 12 Otto 603, 102 U.S. 603, 26 L.Ed. 246 (1880), wherein it was stated:
The term penalty involves the idea of punishment and its character is not changed by the mode in which it is inflicted, whether by civil action or criminal prosecution.
*1377 There is a difference, fine though it may be, between an award for restitution and an award for humiliation and embarrassment. The former has been found to be constitutionally permissible in a limited number of cases; the latter is clearly an unconstitutional penalty.
The case of Broward County v. Plantation Imports, Inc., 419 So.2d 1145 (Fla. 4th DCA 1982) involved the constitutionality of a similar provision of the Broward County Consumer Protection Code. That code established a Consumer Protection Board and a Consumer Affairs Division. The Consumer Affairs Division was authorized to bring consumer complaints to the Board to determine if there were violations of the Code. The Board was given the power to impose civil penalties for violation of any cease and desist orders. This Court held the Broward County Consumer Code's provision authorizing an administrative agency to impose a penalty, without such authority being provided by an act of the legislature, unconstitutional.
Numerous cases throughout the country have held that local governments lack the power to create administrative agencies empowered to award money damages, even in the civil rights area, unless specifically empowered by the state legislature to do so.
In Mendota Apartments v. District of Columbia Commission on Human Rights, 315 A.2d 832 (D.C.App. 1974), the Court vacated part of a commission order which had awarded $950.00 as compensation for humiliation and mental anguish, as well as out-of-pocket expenses to a black complainant who had been refused the lease of an apartment. The Court held that the Commission did not have the power to award unliquidated damages.
In Zamantaicis v. Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, 10 Pa.Cmwlth. 107, 308 A.2d 612 (1973) the Court refused to permit an award of damages for humiliation and mental anguish because the statute lacked specific language delegating such authority to the Human Relations Commission. See also Ohio Civil Rights Commission v. Lysyj, 38 Ohio St.2d 217, 313 N.E.2d 3 (1974); Iron Workers Local No. 67 v. Hart, 191 N.W.2d 758 (Iowa 1971).
The cases cited agree upon the principle that a person aggrieved by discriminatory practices may seek redress for damages in a Court of law which is the proper forum for such an action. Accordingly we hold that Broward County Ordinance 16-67(b)(8) which provides for the imposition of a penalty by the administrative agency violates Article I Section 18 of the Florida Constitution and therefore cannot stand.
This decision would be the same even if Appellant's position were accepted that the award was one for damages as distinguished from the imposition of a penalty, albeit for different reasons.
Article II Section 3 of the Florida Constitution provides for a separation of powers between the three branches of state government. While the legislature has the power to create administrative agencies with quasi-judicial powers, such agencies may not exercise powers which are basically and fundamentally judicial. Biltmore Construction Company v. Florida Dept. of General Services, 363 So.2d 851 (Fla. 1st DCA 1978), citing Canney v. Board of Pub. Instruction of Alachua City, 278 So.2d 260 (Fla. 1973). In Canney the Court stated:
As a general rule administrative agencies have no general judicial powers, notwithstanding they may perform some quasi-judicial duties, and the legislature may not authorize officers or bodies to exercise powers which are essentially judicial in their nature.
It is axiomatic that a trial (hearing) which results in an award of unliquidated damages is a judicial proceeding. If the legislature lacks the constitutional authority to establish an administrative agency empowered to try common law actions for money damages arising from humiliation *1378 and embarrassment, then surely Broward County also lacks such authority.
Article I Section 22 of the Florida Constitution provides:
"The right to trial by jury shall be secure to all and remain inviolate... . ."
This most basic and fundamental of all our rights dates back to the Magna Carta, and is recognized as one of the greatest bulwarks of human liberties. Flint River Steam Boat Co. v. Roberts 2 Fla. 102 (1848). It has become a part of the birth-right of every free person.
The right of trial by jury exists as to those issues which were triable before a jury at common law, regardless of the form of proceeding which may be used. Olins, Inc. v. Avis Rental Car Systems of Florida, 131 So.2d 20 (Fla. 3rd DCA 1961); Construction Systems and Engineering, Inc., v. Jennings Construction Corporation, 413 So.2d 1236 (Fla. 3rd DCA 1982).
Broward County is to be commended for its moral commitment to eliminate invidious discrimination in the essential areas of human life. Despite the nobility of its purpose, the ordinance must still meet the tests of equally recognized and cherished constitutional rights, including the right to trial by jury.
Thus a party who is being tried before a tribunal with the power to award unliquidated damages for humiliation and embarrassment has the inalienable right to a trial by jury. Insofar as Ordinance 16 1/2-67(b)(8) deprives a person of that right, it is constitutionally deficient.
It is therefore held that the Broward County Ordinance 16 1/2-67(b)(8) is in violation of the Constitution of the State of Florida and the judgment of the trial court which enjoins enforcement of the final order of the Broward County Human Rights Board dated May 12, 1981 as it affects Appellee herein, be and is hereby affirmed in all respects.
GLICKSTEIN, J. and HURLEY, DANIEL T.K., Associate Judge, concur.
NOTES
[1] Appellee chose not to present any evidence.
[2] Although not specifically relevant to our decision, it is important to note that there was no evidence presented to the Board of any racial discrimination other than "pure" hearsay. Section 16 1/2-65 allows hearsay evidence but provides that "it shall not be sufficient in itself to support a finding... ."
[3] Article I Section 18 provides as follows: "No administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law. The phrase `as provided by law' means as provided by an act of the legislature."