505 So.2d 422 (1987)
BROWARD COUNTY, etc., Petitioners,
v.
John LA ROSA, Respondent.
No. 68649.
Supreme Court of Florida.
April 9, 1987.
Susan F. Delegal, Gen. Counsel and Janet Lander, Asst. Gen. Counsel, Fort Lauderdale, for petitioners.
Gary M. Farmer, of Law Offices of Gary M. Farmer, P.A., Fort Lauderdale, for respondent.
McDONALD, Chief Justice.
We have for review Broward County v. La Rosa, 484 So.2d 1374 (Fla. 4th DCA 1986), which expressly construes article I, sections 18 and 22 as well as article II, section 3 of the Florida Constitution. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. The issue in this case is whether a county ordinance may constitutionally empower a local administrative agency to award actual damages, including compensation for humiliation and embarrassment, to victims of race discrimination. We hold that such an award violates both article I, section 22 and article II, section 3 of the Florida Constitution and approve the opinion of the district court.
Article I, section 1.06E of the Broward County Charter requires the county to enact provisions designed to protect its citizens from discrimination based upon religion, political affiliation, race, color, age, sex, or national origin. Pursuant to this directive, Broward County enacted the Broward County Human Rights Ordinance (ordinance) on June 2, 1978.[1] The ordinance created an administrative agency known as *423 the Broward County Human Rights Board (board). Section 16 1/2-67(b)(8) of the ordinance provides that, if the board determines that a person has engaged in a discriminatory practice, it may order that person to take any number of affirmative corrective actions, including payment to the complainant of actual damages. This damage award may include compensation for humiliation and embarrassment suffered as a direct result of a discriminatory practice.[2]
Clifton G. Smith filed a complaint against La Rosa with the board, alleging that La Rosa had refused to lease Smith an apartment because Smith was black. Following an investigation, the board determined that La Rosa had engaged in a discriminatory practice in connection with his rental housing units and ordered La Rosa either to pay Smith $4,000, representing compensation for humiliation and embarrassment, or to make available the same or a similar apartment. La Rosa filed suit in Broward County Circuit Court seeking a declaration of the ordinance's unconstitutionality and an injunction against enforcement of the final order. After a hearing, the circuit court entered a summary judgment in favor of La Rosa. On appeal the Fourth District Court of Appeal affirmed, ruling that section 16 1/2-67(b)(8) violated article I, sections 18 and 22 as well as article II, section 3 of the Florida Constitution.[3]
Both parties agree that local governments have the power to adopt appropriate legislation to further the elimination of invidious discrimination in such essential areas of human concern as housing and employment. See 1984 Op.Att'y Gen.Fla. No. 84-97 (Oct. 22, 1984). The parties disagree, however, concerning whether a local government can constitutionally empower a local administrative agency to award common law money damages for noneconomic injuries such as humiliation and embarrassment. Broward County argues that both the circuit court and district court erred in finding such action constitutionally infirm. We cannot agree.
Article II, section 3, of the Florida Constitution mandates a separation of power between the three branches of state government.[4] As the district court correctly pointed out, although the legislature has the power to create administrative agencies with quasi-judicial powers, the legislature cannot authorize these agencies to exercise powers that are fundamentally judicial in nature. Canney v. Board of Public Instruction, 278 So.2d 260 (Fla. 1973); La Rosa, 484 So.2d at 1377; Biltmore Construction Co. v. Florida Department of General Services, 363 So.2d 851 (Fla. 1st DCA 1978). An administrative agency conducts a quasi-judicial proceeding in order to investigate and ascertain the existence of facts, hold hearings, and draw conclusions from those hearings as a basis for their official actions. Commission on Ethics v. Sullivan, 489 So.2d 10 (Fla. 1986); South Atlantic S.S. Co. v. Tutson, 139 Fla. 405, 190 So. 675 (1939); State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977). Admittedly, the boundary between judicial and quasi-judicial functions is often unclear. Nevertheless, we cannot imagine a more purely judicial function than a contested adjudicatory proceeding involving disputed facts that results in an award of unliquidated common *424 law damages for personal injuries in the form of humiliation and embarrassment.[5]
We reject Broward County's implicit assertion that the distinction between judicial and quasi-judicial proceedings has no substantive meaning. The mere characterization of the board's power to award unliquidated damages as quasi-judicial does not change the fact that the power amounts to an unconstitutional delegation of judicial authority. Nor has Broward County convinced us that article II, section 3 applies only to the legislature and has no restraining effect on Broward County's actions.
The legislature created Broward County pursuant to article VIII, section 1(a) of the Florida Constitution. Therefore, as the district court aptly pointed out, "[i]f the legislature lacks the constitutional authority to establish an administrative agency empowered to try common law actions for money damages arising from humiliation and embarrassment, then surely Broward County also lacks such authority." 484 So.2d 1377-78. Moreover, article V, section 1, Florida Constitution, provides that "[c]ommissions established by law, or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices." Clearly, this provision recognizes the distinction between judicial and quasi-judicial power and authorizes administrative agencies such as the board to be empowered only with the latter. Indeed, to interpret this constitutional provision otherwise would not only ignore its plain language, but would also vest the legislative branch with the authority to create courts other than the four types that the constitution authorizes.[6] We have previously held that such legislative action is prohibited. Simmons v. Faust, 358 So.2d 1358 (Fla. 1978).
We also find that the section 16 1/2-67(b)(8) violates article I, section 22 of the Florida Constitution, which provides in pertinent part that "[t]he right of trial by jury shall be secure to all and remain inviolate." This provision secures the right to a jury trial in all cases that traditionally afforded a jury trial at common law. Construction Systems & Engineering, Inc. v. Jennings Construction Corp., 413 So.2d 1236 (Fla. 3d DCA 1982), review denied, 426 So.2d 26 (Fla. 1983); Smith v. Barnett Bank, 350 So.2d 358 (Fla. 1st DCA 1977). Broward County argues that the constitutional right to a jury trial does not apply in the instant case because common law did not recognize civil rights when Florida adopted its constitution. We reject this argument as inapplicable. Common law undeniably recognized actions for unliquidated damage awards. When a tribunal with the power to make such awards for humiliation and embarrassment tries an accused, that accused has an inalienable right to a jury trial.
We join the district court in commending Broward County for its moral commitment to eliminating invidious discrimination in important areas of human concern such as housing. Nevertheless, we also must agree with the district court that, despite the ordinance's laudatory purpose, section 16 1/2-67(b)(8) is constitutionally infirm. In light of this finding, we need not address the other issues that the county raises.
Accordingly, we approve the opinion of the Fourth District Court of Appeal.
It is so ordered.
OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
NOTES
[1] Broward County, Fla., Code § 16 1/2-86 (1978). On June 9, 1983, the legislature enacted a special act known as the "Broward County Human Rights Act." Ch. 83-380, Laws of Fla. On November 6, 1984, a majority of the voters participating in a countywide referendum approved this special act. This act superceded ch. 16 1/2, arts. I, II, and III of the Broward County Code. Accordingly, these sections of the code were repealed effective March 5, 1985. Notably, the corresponding provisions of the act and the ordinance appear identical. Compare ch. 83-380 Art. 3, § 7, Laws of Fla., with Broward County, Fla., Code § 16 1/2-67 (1978). Nevertheless, because the Broward County Human Rights Act is not at issue in the instant case and, therefore, is not before this Court, we refrain from addressing the constitutionality of this special legislative enactment.
[2] Broward County, Fla., Code § 16 1/2-67(b) (1978), provides in pertinent part:

(b) Affirmative action ordered under this section may include but is not limited to:
....
(8) Payment to the complainant of actual damages for injury including compensation for humiliation and embarrassment suffered as a direct result of a discriminatory practice, any expense incurred by the complainant as a direct result of such discriminatory practice.
[3] Although the litigants disagreed concerning the scope of the trial court judgment, the district court determined that the judgment only affected § 16 1/2-67(b)(8) of the ordinance. Accordingly, although several of the arguments of both the county and La Rosa address the validity of provisions other than § 16 1/2-67(b)(8), the scope of our opinion is limited to the constitutionality of § 16 1/2-67(b)(8).
[4] Art. II, § 3, Fla. Const., provides that "[t]he powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein."
[5] We see a significant distinction between administrative awards of quantifiable damages for such items as back rent or back wages and awards for such nonquantifiable damages as pain and suffering or humiliation and embarrassment.
[6] Art. V, § 1, Fla. Const., provides in pertinent part that "[t]he judicial power shall be vested in a supreme court, district courts of appeal, circuit courts and county courts. No other courts may be established by the state, any political subdivision or any municipality."