## STUDEBAKER'S DANCE CLUB v LIEBLING, et al.

Case No. 86-011230-88

Sixth Judicial Circuit, Pinellas County

May 7, 1987

### APPEARANCES OF COUNSEL

**Leslie M. Conklin** for appellant.

**Miles A. Lance,** Assistant City Attorney, for appellee City of Clearwater.

Lawrence H. Liebling for appellee.

Before COBB, SWANSON, FEDRICO, JJ.

## OPINION OF THE COURT

WAYNE L. COBB, Circuit Judge.

This is an appeal by Studebaker's Dance Club from an Order of the Community Relations Board of the City of Clearwater. That Order found that Studebaker's Dance Club had violated City of Clearwater ordinances "by discriminating against members of the male sex with regard to the price of alcoholic beverages" and provided:

"Ordered that Respondent shall discontinue the indicated discriminatory practice immediately upon receipt of this order."

The essential facts of this matter are that the Studebaker Dance Club granted special privileges to some regular customers. In order to promote more business, however, Studebaker's gave discounts on drinks to its regular female customers only, on the premise that encouraging more female customers to frequent its establishment would in turn entice more male customers. The manager of Studebaker's estimated that on any given night the sexual ratio of its customers was approximately 60 percent male and 40 percent female.

Upon careful consideration of the record, briefs and oral argument of the parties, this Court finds two reasons why that administrative order appealed from must be reversed and remanded.

First, to the extent that the ordinances of the City of Clearwater empower the Community Relations Board of the City of Clearwater to grant injunctive relief or to issue cease and desist orders, those ordinances violate Article I, Section 18 of the Florida Constitution. *Broward County v. LaRosa*, 484 So.2d 1374 (Fla. 4th DCA 1986) affirmed by Florida Supreme Court, Case #68,649, April 9, 1987, 12 FLW 171; See also *Tompkins v. State*, 502 So.2d 415 (Fla. 1986), dissenting opinion.

Article I, Section 18 of the Florida Constitution provides:

"The judicial power shall be vested in a supreme court, district courts of appeal, circuit courts and county courts. No other courts may be established by the state, any political subdivision or any municipality."

The authority to award damages and direct injunctive relief is a basic judicial power that may not be delegated by a municipality to its administrative boards. That the injunctive relief ordered must be enforced by a constitutional court is irrelevant to this determination.

122

Second, this promotion scheme of Studebaker's is not unlawful discrimination nor does it violate the anti-discrimination ordinances of the City of Clearwater. The promotion may discriminate between male and female customers but such discrimination is so innocuous as to violate neither Clearwater ordinances nor general law. The design of the promotion is not to deny to males any advantage or enjoyment afforded to females, but rather to increase the enjoyment of the males by enticing the attendance of more females for the males to socialize with.

The United States Supreme Court has recently recognized that honorably motivated discrimination may not be unlawful. *Johnson v. Transportation Agency, Santa Clara County, California*, No. 85-1129, Decided March 25, 1987, 9 SCB 55. In this case, Studebaker's Dance Club has articulated a nondiscriminatory rationale for its discounting the price for drinks to some female customers and there appears to be no challenge to the plan as being pretextual.

For these reasons, the order of the Community Relations Board of the City of Clearwater dated June 26, 1986, is hereby REVERSED and the cease and desist order is hereby QUASHED.

Judges Swanson and Fedrico concur.