541 So.2d 1160 (1989)
LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 478, Petitioner,
v.
Myrtice BURROUGHS, Respondent.
No. 72456.
Supreme Court of Florida.
April 6, 1989.
Mark F. Kelly of Kelly & McKee, Tampa, for petitioner.
David M. Lipman, Stefan Ruud and Robert E. Weisberg of Lipman & Weisberg, Miami, for respondent.
Dana C. Baird, General Counsel and Harden King, Asst. General Counsel, Tallahassee, amicus curiae for Florida Com'n on Human Relations.
Robert A. Ginsburg, Dade Co. Atty. and John McInnis, Asst. Co. Atty., Miami, amicus curiae for Metropolitan Dade County.
*1161 GRIMES, Justice.
Pursuant to article V, section 3(b)(3), of the Florida Constitution, we accepted jurisdiction to review Laborers' International Union Local 478 v. Burroughs, 522 So.2d 852 (Fla. 3d DCA 1987), because that opinion expressly construes the Florida Constitution.
Myrtice Burroughs was hired by Local 478 as a clerk in 1982. Seventeen months later she was terminated from her employment. She then filed a complaint against the union before the Metropolitan Dade County Fair Housing and Employment Appeals Board. She alleged that she had been dismissed because she had refused the sexual advances of her immediate supervisor who was also a union officer.
After a hearing, the board found in Ms. Burroughs' favor and awarded her the following relief: back wages in the sum of $30,686.20, plus interest (back pay); so-called "front pay," i.e., future lost wages, of $8,883.00; and attorney's fees and costs of $19,178.98. The board also ordered the union to amend "its bylaws to incorporate a policy and a procedure to deal with complaints of sexual harassment."
Local 478's appeal to the circuit court was affirmed. The union then filed a petition for certiorari in the Third District Court of Appeal. In a split decision, that court denied certiorari. The court held that the ordinance creating the board was not preempted by the Florida Human Rights Act, sections 760.01-.10, Florida Statutes (1985). The court also rejected the contention that the board was exercising judicial power prohibited under article V, section 1, of the Florida Constitution.
This case presents several issues, which we will address separately.

CONFLICT BETWEEN ORDINANCE AND STATUTE
The board derives its authority from a Dade County ordinance generally barring discriminatory employment practices. Metropolitan Dade County, Fla., Code ch. 11A, art. III, §§ 11A-2 to 11A-40 (1985). The Florida Human Rights Act of 1977 governs similar misconduct. Dade County's home rule charter specifically provides that the supremacy of state legislation must be preserved. Because section 760.02(6) limits the scope of the Human Rights Act to employers with fifteen or more employees, while the ordinance applies to employers with five or more employees, the union argues that the ordinance conflicts with the statute. In order to accept petitioner's argument we would have to conclude that the legislature intended that sexual discrimination by employers of fewer than fifteen employees was permissible. A more reasonable interpretation is that the legislature left this area open to local regulation. We agree with the following analysis of the district court of appeal:
In the regulatory area involved in this case, the test of conflict is whether one must violate one provision in order to comply with the other. Jordan Chapel Freewill Baptist Church v. Dade County, 334 So.2d 661 (Fla. 3d DCA 1976). Putting it another way, a conflict exists when two legislative enactments "cannot co-exist." E.B. Elliott Advertising Co. v. Metropolitan Dade County, 425 F.2d 1141 (5th Cir. 1970), pet. dismissed, 400 U.S. 805, 91 S.Ct. 12, 27 L.Ed.2d 12 (1970); Metropolitan Dade County v. Santos, 430 So.2d 506 (Fla. 3d DCA 1983), pet. for review denied, 438 So.2d 834 (Fla. 1983). Neither formulation of the rule applies in a situation like this one in which the identical anti-discrimination requirements are simply imposed by the county upon a wider and broader class of entities than the state.
522 So.2d at 856.

JUDICIAL AND QUASI-JUDICIAL POWER
Article V, section 1, of the Florida Constitution, reads in pertinent part:
The judicial power shall be vested in a supreme court, district courts of appeal, circuit courts and county courts. No other courts may be established by the state, any political subdivision or any municipality... . Commissions established by law, or administrative officers or bodies may be granted quasi-judicial power *1162 in matters connected with the functions of their offices.
Thus, there is an implicit distinction between judicial power and quasi-judicial power. The issue here is how much, if any, of the jurisdiction granted to the Metropolitan Dade County Fair Housing and Employment Appeals Board's actions was proper for a quasi-judicial body. The union's attack in this area is two-pronged. It argues (A) that the board acted as a court in construing the ordinance to find that it covered the union's conduct, and (B) that in any event the board could not lawfully award the damages. We address the liability issue first.

A. Liability: Construction of the ordinance.
The Dade County ordinance provided in pertinent part:
Sec. 11A-22. Unlawful practices.
(a) It shall be unlawful employment practice for an employer:
(1) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his or her compensation, benefits, terms, conditions or privileges of employment because of such individual's race, color, religion, ancestry, national origin, age, sex, physical handicap, marital status or place of birth... .
The union argues that the board improperly acted as a court in that it had to construe the ordinance to find that sexual harassment constituted employment discrimination. Only courts can construe the law, the union argues, citing no less weighty authority than Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L.Ed 60 (1803). The union ignores the fact that administrative agencies are necessarily called upon to interpret statutes in order to determine the reach of their jurisdiction. Moreover, the construction of a statute by the agency charged with its administration is entitled to great weight and will not be overturned unless clearly erroneous. Department of Ins. v. Southeast Volusia Hosp. Dist., 438 So.2d 815 (Fla. 1983), appeal dismissed, 466 U.S. 901, 104 S.Ct. 1673, 80 L.Ed.2d 149 (1984). The board had a right to interpret the ordinance's proscription against sexual discrimination in the workplace to include sexual harassment, and that interpretation was eminently reasonable. See Meritor Savings Bank v. Vinson, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986), in which the Supreme Court of the United States held that a woman who had been sexually harassed at her job had a cause of action for employment discrimination under the analogous Title VII of the Civil Rights Act of 1964.

B. Damages
This court has considered related issues but has never squarely decided whether administrative boards created by county ordinances may assess any damages.
In Broward County v. LaRosa, 505 So.2d 422 (Fla. 1987), we held that a Broward County human rights ordinance could not constitutionally authorize a local administrative agency to award noneconomic damages for humiliation and embarrassment. However, we made the following observation in a footnote to our opinion:
We see a significant distinction between administrative awards of quantifiable damages for such items as back rent or back wages and awards for such nonquantifiable damages as pain and suffering or humiliation and embarrassment.
Id. at 424 n. 5. A few months later, in Metropolitan Dade County Fair Housing and Employment Appeals Board v. Sunrise Village Mobile Home Park, Inc., 511 So.2d 962 (Fla. 1987), the Court upheld a Dade County ordinance prohibiting age discrimination in housing. Once again we also held that the enforcement agency could not constitutionally award common law damages for humiliation, embarrassment, and mental distress, emphasizing the nonquantifiable nature of such injuries. Thus, by implication we have already indicated that an administrative agency may be authorized to award quantifiable damages, and we now so hold.
In order to determine the propriety of the various damages awarded in this case, it is necessary to consider whether the ordinance *1163 authorized such an award and, if so, whether it was of the kind that was constitutionally permissible.
Chapter 11A of the Dade County Code is divided into four articles, the third of which deals with employment discrimination. The applicable portion of article III empowered the board to grant the following relief:
(6) Issue remedial orders requiring cessation of violations of this article;
(7) Issue such affirmative orders as in the judgment of the board will carry out the purposes of this article. Affirmative actions ordered may include, but is not limited to:
(a) Hiring, reinstatement or upgrading of employees, with or without back pay.
(b) Admission or restoration of individuals to union membership, admission to or participation in a guidance program, apprenticeship training program, on-the-job training program or other occupational training or retraining program;
(c) Applying to the appropriate court for such temporary or permanent relief as it deems necessary.
(d) Developing and implementing affirmative action programs to be reviewed by the board and to be monitored by the director and his designees.

1. Back Pay
The Board awarded Ms. Burroughs $30,860.20 in lost wages from the date of her dismissal to the date of the final order and assessed interest of $2,931.75, for a total of $33,891.95. While section 11A-24(7) of the Code refers to back pay only in the context of reinstatement, we believe the ordinance may be reasonably construed to authorize an award of back pay without reinstatement. Moreover, this kind of award is easily quantifiable. The board computed this figure by multiplying Ms. Burroughs' weekly wage ($329.00) by the number of weeks she was unemployed, deducting earnings of $372.49, and adding interest. It was based on a known sum and a definite number of weeks Ms. Burroughs had been unemployed. It also is similar to the type of damages assessed in nonjudicial actions, such as worker's compensation proceedings and administrative hearings involving charges of unfair labor practices. Thus, the order of back pay was a valid exercise of the board's authority.

2. Front Pay
Because it did not want to reintroduce Ms. Burroughs into a "continuing offensive work environment," the board instead awarded twenty-seven weeks' salary, at the same weekly wage as it used in computing the back pay, for a total of $8,883.00. While an award of front pay is more quantifiable than one for abstract damages based on suffering, it is nevertheless somewhat indefinite because it is calculated upon an arbitrary determination of the number of weeks the front pay should appropriately run. In this case, however, we do not need to reach the question of whether the board could constitutionally award front pay because it is evident that section 11A-24 of the Code does not authorize an award of front pay. We recognize that certain awards of front pay in lieu of reinstatement have been upheld in claims brought under the Age Discrimination in Employment Act, 29 United States Code sections 621-34 (1982), despite the absence of specific statutory reference to front pay awards. E.g., E.E.O.C. v. Prudential Savings & Loan Ass'n, 763 F.2d 1166 (10th Cir.), cert. denied, 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985). However, we cannot equate the authority granted to the board in section 11A-24 with that provided in the Age Discrimination in Employment Act.

3. Attorney's Fees
The board awarded attorney's fees and legal costs to Ms. Burroughs in the sum of $19,178.98. The general rule is that attorney's fees may be awarded only when authorized by statute or contract or when an attorney creates or brings into court a fund or other property. Kittel v. Kittel, 210 So.2d 1 (Fla. 1967). In this case, for the award to be valid it would have to be authorized by the Dade County Code. In defining the duties and powers of the board *1164 under article I of chapter 11A pertaining to discrimination in housing, section 11A-7(5) authorizes an award of attorney's fees. However, section 11A-24, which is part of article III dealing with employment discrimination, does not provide for an award of attorney's fees. Moreover, article III is essentially self contained and does not incorporate by reference other portions of chapter 11A. Thus, it is apparent that there was no authority for the board to make an award of attorney's fees.
We do not say, however, that if properly authorized, the board could not award attorney's fees in employment discrimination cases. Historically, certain administrative agencies have been authorized to award attorney's fees. E.g., §§ 440.34, 447.503, Fla. Stat. (1987). Particularly in view of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), we believe it is beyond doubt that attorney's fees are sufficiently quantifiable to be awarded by an administrative agency.

OTHER MATTERS
The union does not specifically attack that portion of the order requiring it to amend its bylaws to incorporate a procedure to prevent sexual harassment. Therefore, we do not address the authority of the board to order such mandatory relief.
There is one other matter which should be addressed. The union complains of a provision in the board's rules of procedure which purported to place the burden of proof at the evidentiary hearing on the union. Obviously, such a provision does not comport with due process. However, because the union has not disputed the evidentiary basis for the finding of sexual harassment, we decline to disturb the board's order on this account.

CONCLUSION
We find that the Dade County ordinance in question does not constitutionally conflict with the Florida Human Rights Act. We also find that the Dade County Fair Housing and Employment Appeals Board did not usurp judicial power when it allowed Ms. Burroughs to maintain an administrative cause of action for employment discrimination based on incidents of sexual harassment. We find the board acted properly in awarding back pay and interest but had no authority to order the payment of front pay and attorney's fees.
We approve the opinion of the district court of appeal in part, quash it in part, and remand the case for further proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.
OVERTON, J., dissents with an opinion.
OVERTON, Justice, dissenting.
I dissent. Article V, section 1, of the Florida Constitution, directs that "[t]he judicial power shall be vested in a supreme court, district courts of appeal, circuit courts and county courts" and contains the direct prohibition that "[n]o other courts may be established by the state, any political subdivision or any municipality." There are 393 municipalities, 11 chartered counties, and 56 nonchartered counties in this state. In my view, allowing these municipalities and counties to create separate bodies and rules to award damages and direct issuance of mandatory injunctions on multiple subjects is contrary to the intent and purpose of article V, section 1.
I do not condone the petitioner's conduct and am sympathetic with the respondent's position; however, I find that an award of damages and an adjudicatory determination that an injunction must be entered constitute a clear exercise of judicial power, which must be exercised within the court system of this state  not by multiple boards created by Florida's municipalities and counties.