The Honorable Ken Jenne Chairman Broward County Legislative Delegation Broward County Governmental Center 115 South Andrews Avenue, Suite 429 Fort Lauderdale, Florida 33301
Dear Senator Jenne:
You state that it is the policy of the Florida House of Representatives, the Florida Senate and the delegation to adopt a special act only if a matter cannot be accomplished at the local level. Therefore, before the Broward County Legislative Delegation considers sponsoring legislation which would prohibit discrimination on the basis of sexual orientation within Broward County, you ask substantially the following question:
Does a charter county have the authority to adopt an ordinance prohibiting discrimination, including discrimination on the basis of sexual orientation?
In sum, I am of the opinion that:
A charter county has the authority to adopt an ordinance prohibiting discrimination, including discrimination on the basis of sexual orientation.
You note that the Broward County Human Rights Act, which was created by special act, prohibits discrimination in employment, public accommodations, real estate transactions and financial practices based upon race, color, religion, national origin, sex, age, marital status, political affiliation or handicap.[1] The act creates a human rights board which has the authority to determine whether violations of the act have occurred and to order, among other things, reinstatement in jobs, back pay, and quantifiable damages for such violations.[2] The board is further authorized to petition the circuit court for enforcement of its final orders.[3]
You ask whether the county, in adopting an anti-discrimination ordinance which encompasses discrimination on the basis of sexual orientation, may include provisions similar to those in the special act.
The courts have recognized the power of charter counties to adopt appropriate legislation to eliminate invidious discrimination in essential areas of human concern such as housing and employment.[4] However, this office has previously stated that a charter county has no authority to amend or alter the provisions of a special act passed by the state Legislature.[5] While a charter county does not have the authority to amend the special act passed by the Legislature to include discrimination based upon sexual orientation, it may adopt an ordinance prohibiting discrimination in employment, public accommodations, real estate transactions, and financial practices based upon race, color, religion, national origin, sex, age, marital status, political affiliation, handicap or sexual orientation.
The power of the county to adopt an anti-discrimination ordinance is expansive and would allow the inclusion of virtually all of the substantive provisions of the special act.[6] While the county's authority to impose a penalty for a violation of its ordinances is limited by general law,[7] the courts have recognized the authority of an administrative body created by county ordinance to assess certain damages.[8] For example, the Supreme Court of Florida in Laborers' International Union of North America, Local 478 v. Burroughs,[9] recognized the authority of a county ordinance barring discriminatory practices and granting jurisdiction to an administrative board to award quantitative damages such as back pay and attorneys fees, stating:
[B]y implication we have already indicated that an administrative agency may be authorized to award quantifiable damages, and we now so hold.[10]
Thus, it appears that a charter county has the authority to enact an anti-discrimination ordinance granting an administrative agency the authority to award quantifiable damages such as back pay or attorney fees.[11] However, as noted in Burroughs, such authority must be affirmatively provided in the ordinance.
Similarly the county may provide for nonmonetary relief. As stated by the Court in Broward County v. La Rosa,[12]"[i]f the legislature lacks the constitutional authority to establish an administrative agency empowered to try common law actions for money damages arising from humiliation and embarrassment, then surely Broward County also lacks such authority." However, as the Legislature has the authority to create an administrative agency granting such agency the authority to impose nonmonetary relief,[13] the county also possesses such authority.[14]
Furthermore, the county may provide for subpoena power for such an administrative body by ordinance; however, the board must apply to the court for an order to enforce the subpoena against a recalcitrant witness.[15]
Therefore, while a county does not have the authority to supersede a special act passed by the state Legislature, I am of the opinion that a charter county has the authority to adopt an anti-discrimination ordinance containing provisions virtually identical to those contained in the special act creating the Broward County Human Rights Act.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tall
[1] See, s. 1, Ch. 83-380, Laws of Florida.
[2] See, Art. III, Ch. 83-380, Laws of Florida.
[3] See, s. 1(9), Art. III, Ch. 83-380, Laws of Florida.
[4] See, e.g., Broward County v. La Rosa, 505 So.2d 422 (Fla. 1987), in which both parties recognized such authority in charter counties; AGO 84-97 (local governmental entities possess the constitutional and statutory authority to enact and enforce local anti-discrimination ordinances to the extent such legislation does not conflict with state statutes).
[5] See, e.g., AGO's 90-27, 81-55, 81-7, 74-121. In AGO 85-41, this office stated that the language in s. 1(g), Art. VIII, State Const., which provides that charter counties possess "all powers of local self-government not inconsistent with general law, or with special law approved by vote of the electors," is a limitation on the power of the Legislature to enact special laws (subsequent to the adoption of the charter) regulating the county; however,
[it] does not constitute a grant of power to the county to provide by charter for nullification or supersedure of the existing laws of the state. The power to amend or repeal the statutory law is a legislative power belonging to the state which, by the terms of s. 1, Art. III, State Const., is vested in the state Legislature.
[6] I would note that s. 3(27), Ch. 83-380, Laws of Florida, defines "person" to include the state. A county may not by ordinance dictate the actions of the state in the absence of constitutional or statutory authority. In addition, I am not aware of any authority which permits a county by ordinance to establish a jurisdictional scheme for the courts other than that prescribed by the statutes. See, s. 34.01, F.S., stating that county courts have original jurisdiction of cases involving violations of county ordinances and all actions at law in which the matter in controversy does not exceed the sum of 15,000. But see, the decision of the Supreme Court of Florida in Southern Records 
Tape Service v. Goldman, 502 So.2d 413 (Fla. 1986), affirming,458 So.2d 325, 327 (3 D.C.A. Fla., 1984), recognizing the circuit court's jurisdiction to enforce a discrimination damages award imposed by a county employment appeals board created by county ordinance based upon the jurisdictional amount of the award and the equitable nature of the claim.
[7] See, AGO 71-223. See also, s. 18, Art. I, State Const. ("No administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law"). And see, s. 125.69, F.S. (upon conviction, violations of county ordinances shall be punished by a fine not to exceed 500 or by imprisonment in the county jail not to exceed 60 days or by both such fine and imprisonment); and Ch. 162, F.S.
[8] See, Broward County v. La Rosa, supra, in which the Supreme Court of Florida held that a Broward County human rights ordinance could not constitutionally authorize a local administrative agency to award noneconomic damages for humiliation and embarrassment. In a footnote, however, the Court distinguished between administrative awards of quantifiable damages for such items as back rent or back wages and awards for nonquantifiable damages such as pain and suffering or humiliation and embarrassment. 505 at 424 n. 5.
[9] 541 So.2d 1160 (Fla. 1989). And see, City of Venice v. Valente, 429 So.2d 1241 (2 D.C.A. Fla., 1983) (municipality under its home rule powers has authority to enact ordinance allowing municipality to recover attorney fees and court costs in litigation).
[10] While the Burroughs case arose in Dade County, nothing in the Court's decision limits its holding to that county; rather, the Court's reliance on an earlier decision affecting Broward County would indicate the applicability of the Court's holding to any charter county. See, Broward County v. La Rosa, supra.
[11] 541 So.2d at 1164 ("we believe it is beyond doubt that attorney's fees are sufficiently quantifiable to be awarded by an administrative agency").
[12] 505 So.2d at 424, quoting the district court's opinion in Broward County v. La Rosa, 484 So.2d 1374 (4 D.C.A. Fla., 1986).
[13] See, e.g., s. 7, Art. III, Ch. 83-380, Laws of Florida, authorizing the board to order, among others, rehiring, admission of individuals to union membership, reinstatement with or without back pay.
[14] State v. Broward County, 468 So.2d 965 (Fla. 1985).
[15] See generally, Barry v. Garcia, 573 So.2d 932 (3 D.C.A. Fla., 1991), rev. denied, 583 So.2d 1034 (Fla. 1991); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628, 632
(1 D.C.A. Fla., 1974) (citizen may not be held in contempt and punished for failing or refusing to obey any subpoena, process, or order of any administrative agency until he has first been afforded an opportunity for a hearing before a court of competent jurisdiction and that court has ordered compliance to such subpoena, process or order and such court order has been disobeyed).