Mr. Marcus J. Ezelle Wauchula City Attorney Post Office Drawer 1308 Wauchula, Florida 33873-1308
Dear Mr. Ezelle:
You have asked for my opinion on substantially the following question:
Does the Wauchula City Council have the authority to enact an ordinance establishing itself as the code enforcement authority for enforcing city codes with the power to require code compliance, impose fines and other non-criminal penalties and sanctions, impose liens on real property, and to exercise any other authority granted to code enforcement boards pursuant to Chapter 162, Florida Statutes?
In sum:
The members of the Wauchula City Council may not simultaneously serve as the code enforcement authority for the municipality pursuant to the provisions of Part I, Chapter 162, Florida Statutes. Part II of Chapter 162 does not appear to contemplate a separate code enforcement board for purposes of resolving challenges to the findings of the code enforcement officer; rather, a judicial proceeding is the appropriate forum for resolving these disputes. However, both Parts I and II of Chapter 162, Florida Statutes, provide supplemental methods of enforcing local codes and recognize that a municipality may enforce its codes or ordinances by other means.
Chapter 162, Florida Statutes, contains two parts: The "Local Government Code Enforcement Boards Act," sections 162.01-162.13, Florida Statutes; and sections 162.21 and 162.22, Florida Statutes, which provide supplemental county or municipal code or ordinance enforcement procedures. Your letter is not directed to one part of Chapter 162 in particular and this opinion will, therefore, discuss both.
The Local Government Code Enforcement Boards Act[1] was adopted by the Legislature to "promote, protect, and improve the health, safety, and welfare of the citizens of the counties and municipalities of this state by authorizing the creation of administrative boards with authority to impose administrative fines and other noncriminal penalties to provide an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist."[2]
Municipalities are authorized by the act to adopt, create or abolish code enforcement boards by ordinance as provided in Part I of the act.[3] Further, section 162.03, Florida Statutes, states that "[a] . . . municipality may, by ordinance, adopt an alternate code enforcement system which gives code enforcement boards or special masters designated by the local governing body, or both, the authority to hold hearings and assess fines against violators of . . . municipal codes and ordinances."[4]
Part I of Chapter 162, Florida Statutes, authorizes the local governing body to appoint one or more code enforcement boards and a legal counsel for these boards. For a city with a population of 5,000 or less a board with either five or seven-members may be appointed. Municipalities with a larger population must appoint a seven-member board.[5] The act mandates the following qualifications for members of the enforcement boards:
"The membership of each enforcement board shall, whenever possible, include an architect, a businessperson, an engineer, a general contractor, a subcontractor, and a realtor."[6]
Initial appointments to the board are made for staggered periods of 1, 2, and 3 years and after this initial service, appointments are made for a 3 year term.[7]
While this office has been given no information regarding the professional orientation of the Wauchula City Council or the terms of office of its members, it would appear unlikely that the composition or official terms of many municipal councils in this state would fall within the requirements of the statute. If, however, the city council does contain the appropriate professional representation and its officers serve terms of the length specified in the statute, an additional concern would be the prohibition in the Florida Constitution against dual officeholding.
Article II, section 5(a), Florida Constitution, states in part that "[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein[.]" City council members are clearly officers of a municipality and this office has determined that a code enforcement board member is also an officer.[8] Thus, simultaneous service in both capacities would violate the constitutional prohibition unless such service resulted from legislative designation of the city council members as ex officio
code enforcement board members.[9]
In light of these concerns, it is my opinion that the members of the Wauchula City Council may not simultaneously serve as the code enforcement authority for the municipality pursuant to the provisions of Part I, Chapter 162, Florida Statutes.
Part II of Chapter 162, Florida Statutes, provides supplemental municipal code or ordinance enforcement procedures. This part authorizes a municipality to designate a city employee or agent to act as the code enforcement officer.[10] As set forth in the statute:
"A . . . municipality is authorized to enforce codes and ordinances under the provisions of this section and may enact an ordinance establishing procedures for the implementation of such provisions, including a schedule of violations and penalties to be assessed by code enforcement officers. If a . . . municipality chooses to enforce codes or ordinances under the provisions of this section, each code or ordinance or the ordinance enacted by the county or municipality establishing procedures for implementation of this section shall provide:
(a) That a violation of a code or an ordinance is a civil infraction.
(b) A maximum civil penalty not to exceed $500.
(c) A civil penalty of less than the maximum civil penalty if the person who has committed the civil infraction does not contest the citation.
(d) For the issuance of a citation by a code enforcement officer who has reasonable cause to believe that a person has committed an act in violation of a code or an ordinance.
(e) For the contesting of a citation in county court.
(f) Such procedures and provisions as are necessary to provide for the enforcement of a code or an ordinance under the provisions of this section."[11] (e.s.)
Part II of Chapter 162, Florida Statutes, requires the enforcement of code violations in county court. Thus, this part of Chapter 162 does not appear to contemplate a separate code enforcement board for purposes of resolving challenges to the findings of the code enforcement officer, rather, a judicial proceeding is the appropriate forum for resolving these disputes.[12]
Again, the statutes provide that "[n]othing contained in this section shall prohibit a county or municipality from enforcing its codes or ordinances by any other means."[13] Further:
"The governing body of a municipality may designate the enforcement methods and penalties to be imposed for the violation of ordinances adopted by the municipality. These enforcement methods may include, but are not limited to, the issuance of a citation, a summons, or a notice to appear in county court or arrest for violation of municipal ordinances as provided for in chapter 901. Unless otherwise specifically authorized and provided for by law, a person convicted of violating a municipal ordinance may be sentenced to pay a fine, not to exceed $500, and may be sentenced to a definite term of imprisonment, not to exceed 60 days, in a municipal detention facility or other facility as authorized by law."[14]
Thus, while the provisions of Part II, Chapter 162, Florida Statutes, do not authorize a municipality to create a code enforcement board to conduct hearings on code violations under this part, an enforcement mechanism is established to operate through the court system and utilization of this statutory procedure may result in the imposition of a substantial penalty.
Therefore, it is my opinion that the Wauchula City Council is not authorized to serve simultaneously as the code enforcement board for the city pursuant to the provisions of Part II, Chapter 162, Florida Statutes, as amended.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 162.01, Fla. Stat., providing the title for the act.
[2] Section 162.02, Fla. Stat.
[3] Section 162.03(1), Fla. Stat.
[4] Section 162.03(2), Fla. Stat.
[5] Section 162.05(1), Fla. Stat.
[6] Section 162.05(2), Fla. Stat.
[7] Section 162.05, Fla. Stat.
[8] See, Op. Att'y Gen. Fla. 81-61 (1981).
[9] See, e.g., Bath Club, Inc. v. Dade County, 394 So.2d 110
(Fla. 1981) for the proposition that the legislative designation of an officer to perform ex officio the functions of another or additional office does not violate the dual officeholding prohibition, provided that the duties imposed are consistent with those already being exercised.
[10] Section 162.21(2), Fla. Stat. (1996 Supp.).
[11] Section 162.21(5), Fla. Stat. (1996 Supp.).
[12] And see, s. 162.21(3)(c)10., Fla. Stat. (1996 Supp.), requiring a citation form for code violations to contain "[a] conspicuous statement that if the person fails to pay the civil penalty within the time allowed, or fails to appear in court to contest the citation, the person shall be deemed to have waived his or her right to contest the citation and that, in such case, judgment may be entered against the person for an amount up to the maximum civil penalty.
[13] Section 162.21(8), Fla. Stat. (1996 Supp.).
[14] Section 162.22, Fla. Stat. See, e.g., Broward County v. LaRosa, 484 So.2d 1374 (Fla. 4th DCA 1986), approved 505 So.2d 422
(1987); Broward County v. Plantation Imports, Inc.,419 So.2d 1145 (Fla. 4th DCA 1982), for the proposition that the term "by law" refers to a state legislative enactment rather than a local ordinance or code.