DOWNEY, Judge.
This appeal involves the constitutionality of the Broward County Consumer Protection Code enacted by county ordinance in 1977. The trial court found the code unconstitutional and Broward County has perfected this appeal.
In furtherance of the effort to minimize deceptive trade practices, the Broward County Commission passed certain ordinances which were designated as the Bro-ward County Consumer Protection Code. Among other things, it established a Bro-ward County Consumer Protection Board and the Broward County Consumer Affairs Division. The Consumer Affairs Division was authorized to bring consumer complaints to the Board to determine whether there was a violation of the Code. The Code purports to grant the Board certain powers, including the power to impose civil penalties for violation of the agency’s orders.
As appellee points out in its brief
Following the enactment of the 1977 Ordinances, the Broward County general counsel requested an opinion from the Attorney General of the State of Florida as to the authority of a charter county to enact a valid ordinance permitting a consumer protection board to impose civil penalties. That request resulted in the issuance of Attorney General’s Opinion 079-109 on December 18, 1979. In that Attorney General’s Opinion, the question presented by BROWARD COUNTY and *1147 the summary of the response from the Attorney General’s office was set forth as follows:
“QUESTION:
Does a charter county have the authority to enact a valid ordinance which permits the county’s consumer protection board to impose a civil penalty for violation of the board’s cease and desist orders?
SUMMARY:
Unless and until legislatively provided, a charter county does not have the authority to enact an ordinance which provides for the imposition of civil penalties by county agencies or which purports to authorize a county consumer protection board to impose a civil penalty for violation of that board’s cease and desist orders.”
Following receipt of the Attorney General’s Opinion, the Legislature of the State of Florida enacted Special Act, Chapter 80-463. That Special Act purported to authorize the Board of County Commissioners of Broward County to grant by ordinance, powers to the Bro-ward County Consumer Protection Board to impose certain civil penalties. Said Special Act provided that it would take effect, upon its approval by a majority vote, in a referendum held in conjunction with the general election in the County. By resolution, the Board of County Commissioners called a referendum and placed the Special Act on the ballot in the general election held in November, 1980. The Special Act received a majority in favor, and presumably became law upon the certification of the election results.
Subsequent to the effective date of Special Act 80-463, the Broward County Commission did not undertake to pass a new ordinance granting any powers to the Consumer Protection Board.
In January, 1981, Consumer Affairs served appellee with cease and desist demands involving five separate proceedings. Thereafter, appellee filed this suit for declaratory relief to declare certain sections of the Code and Special Act 80-463 to be invalid and unenforceable. The complaint presented three issues for the trial court’s consideration:
I. Prior to the enactment of Special Act 80-463, did the Broward County Commissioners have the authority to enact a valid ordinance which permits the County’s Consumer Protection Board to impose civil penalties?
II. Does the Legislature of the State of Florida have the authority under the Constitution of the State of Florida to enact a Special Act which authorizes a County Commission to enact an Ordinance permitting the County’s Consumer Protection Board to impose civil penalties?
III. Assuming the constitutional validity of Special Act 80-463, did the passage of said Special Act have the effect of validating the previous 1977 Ordinances permitting the County’s Consumer Protection Board to impose civil penalties?
The trial court granted a judgment on the pleadings in favor of appellee finding that the provisions of the Code “insofar as the provisions of said Ordinance purport to grant to the BROWARD COUNTY CONSUMER PROTECTION BOARD power to conduct proceedings and impose civil penalties, violate Article I, §§ 9 and 18, Article II, § 3, Article III, § 6, Article V, § 1 and Article VIII, § l(j) of the Constitution of the State of Florida, and are in contravention of Florida Statutes Chapter 125.69.” Next the judgment held that Special Act 80-463 grants no powers to the Consumer Protection Board but purports to authorize the Board of County Commissioners to grant certain powers to the Consumer Board by ordinance. The court declined to pass on the constitutionality of the Special Act because it was unnecessary in view of its ruling.
The opinion of the Attorney General 079-109 referred to above holds that as originally enacted the Broward County Consumer Protection Code violates Article I, Section 18 of the Florida Constitution because it authorizes an administrative *1148 agency to impose a penalty without such authority being “provided by law.” The Attorney General points out that the phrase “provided by law” as used in the Constitution means as provided by an act of the legislature. The Consumer Code in question, having been enacted by a charter county by ordinance, could not measure up to that requirement. We agree with the Attorney General’s opinion and hold that the provision of the Code authorizing the assessment of penalties was unconstitutional and thus unenforceable when written.
Appellant contends that in any event the constitutional infirmity was rectified when the legislature enacted 80-463 and the Broward County electorate approved it in November, 1980. At that point, it is argued, the power to assess penalties vested in the Board. Appellee, however, contends that the Special Act did not purport to ratify and approve the prior act of the County Commission in authorizing the Board to assess penalties. On the contrary, the Special Act simply granted the County Commission the power to so authorize the Consumer Board, and since the County Commission lacked the power to act when it initially passed the Consumer Code, the legislature could not ratify that unauthorized act by subsequent legislation.
We believe the appellee’s argument is correct in both respects. The wording and tenor of the Special Act do not purport to empower the Consumer Board. The Act provided:
Section 1. The Board of County Commissioners of Broward County is authorized to grant, by ordinance, all necessary powers to the Broward County Consumer Protection Board, including, but not limited to, the power: ...
Furthermore, the rule in Florida is that a validation act cannot validate a lack of power in a city or county to act in the first instance. As the court said in Beaty v. Inlet Beach, 151 Fla. 495, 9 So.2d 735 (1942):
A validation Act cannot validate a lack of power in the municipality to act in the first instance. That power must first exist, and then be improperly exercised, in order for a validation act to become effective.
See also State v. Mellick, 68 So.2d 824 (Fla.1953). Cf., City of Sebring v. Harder Hall, Inc., 150 Fla. 824, 9 So.2d 350 (1942). Appellant suggests that having Broward County reenact the consumer code which empowers the Consumer Board to levy penalties would be a purely formalistic process. The foregoing rule belies that suggestion.
Accordingly, we affirm the judgment appealed from.
AFFIRMED.
GLICKSTEIN, J., concurs.
ANSTEAD, J., specially concurs with opinion.