Mr. Herbert W.A. Thiele City Attorney City of Delray Beach 100 N.W. 1st Avenue Delray Beach, Florida 33444
Dear Mr. Thiele:
This is in response to your request for an opinion on substantially the following question:
 MAY A MUNICIPALITY THAT HAS ESTABLISHED A LOCAL GOVERNMENT CODE ENFORCEMENT BOARD PURSUANT TO CHAPTER 162, F.S., BY ORDINANCE REQUIRE THAT THE CODE ENFORCEMENT BOARD IMPOSE AN ADMINISTRATIVE CHARGE OR FEE ON INDIVIDUALS, BUSINESSES OR OTHER ENTITIES FOUND GUILTY BY THE BOARD OF VIOLATION OF ONE OR MORE OF ITS TECHNICAL CODES?
Your letter of inquiry notes that the purpose of the proposed administrative charge or fee is to help defray the cost of processing Local Government Code Enforcement Board cases, and to pay part of the cost of inspection and reinspection necessary to ensure compliance with the city's technical codes. You also note that it would be the intent of this ordinance to specifically require that the enforcement board impose this administrative cost or fee against any person found guilty of violating the various technical codes, and that this charge or fee would be in addition to, and not in lieu of, any fine which the enforcement board could levy against a violator, and its collection would be conducted in the same manner as that for fines, if any, levied by the enforcement board. Since this administrative charge or fee is to be assessed against those alleged violators "finally found guilty by the code enforcement board,"' the charge in actuality is, or is in the nature of, "costs"' assessed in criminal proceedings or special statutory proceedings. I note that no provision of Ch.162, F.S., delegates any authority to the local government code enforcement boards to impose against any person costs of the prosecution of the proceedings before the enforcement boards, or the costs of processing the cases before the boards or the costs of their enforcement procedures to assure compliance with the local governments' technical codes; neither does the statute provide for a lien (for failure to pay costs) against the land of any person or for the enforcement of any such liens for such costs.
For the following reasons, your question is answered in the negative.
Chapter 162, F.S., the "Local Government Code Enforcement Boards Act,"' authorizes the creation by counties and municipalities, at their option, of quasi-judicial administrative boards as provided in Ch. 162 to enforce, "the technical codes in force [therein] . . . including, but not limited to, occupational license, fire, building, zoning, and sign codes."' Sections 162.01 and 162.02, F.S.
Section 162.03, F.S., gives to local governing bodies the option to create or abolish by ordinance such code enforcement boards, as provided in Ch. 162, but no authority to regulate such boards or their members is delegated to local governments other than as specified in ss 162.03 and 162.05. While s 162.13 permits a local governing body to enforce its codes by means other than those prescribed in ss 162.01 162.12, no provision of Ch. 162 delegates any power to the local governments or their governing bodies to enact any legislation to anywise alter, add to, modify or deviate from the terms of Ch. 162 or to confer any power or impose any duty or requirement upon the code enforcement boards, or their members, or the code inspectors (in their relationship and in their duties with and concerning the boards) provided for in s162.06, or the legal counsel, provided for in s 162.05(1). The duties, functions and powers of the code enforcement boards are specified in and derived from ss 162.07 162.09, and no power is granted to the local governing bodies to place any additional requirements or impose any additional duties on such boards, such as the duty to impose administrative charges or fees, whether such fees be in the nature of a penalty or in the nature of court costs, or the costs of the prosecution of the proceedings of such boards or of their enforcement procedures, or to provide for liens and the enforcement thereof to collect such costs. In these circumstances, and unless or until legislatively provided or judicially determined otherwise, I cannot say that municipalities derive any power under s 2(b), Art. VIII, State Const., or s166.021, F.S., to regulate the code enforcement boards or to impose any duties or requirements on such boards or to anywise regulate the statutorily prescribed enforcement procedures.
The enactment of Ch. 162, F.S., was necessary for creation of administrative enforcement procedures and the imposition of administrative fines by the local governing bodies because of the provisions of s 1, Art. V, and s 18, Art. I, State Const., which provide that commissions established by law or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices, and that no administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.
See, AGO 79 109 (governing body of charter county prohibited in absence of statutory authorization, from providing by ordinance for the imposition of civil penalties by agencies [County Consumer Protection Board] of the county); Broward County v. Plantation Imports, Inc., 419 So.2d 1145 (4 D.C.A.Fla., 1982) (holding that the provisions of a county ordinance authorizing assessment of penalties by a county agency was unconstitutional, and agreeing with the conclusion reached in AGO 79 109); see also, AGO 84 51 (ordinance of a noncharter county is not a "law"' within the purview of s 5(c), Art. II, State Const.); AGO 84 39 (noting that a municipal ordinance is not a "law"' within the meaning of s 8, Art. I, State Const.); AGO 83 92 (concluding that a park and recreation district, as an administrative agency, could impose no penalty except as provided by law). Chapter 162, F.S., accomplishes a delegation of the Legislature's power to create such an enforcement mechanism, and grants the governing bodies of local governments the option of creating or abolishing by ordinance such boards having the powers and duties as provided in that statute. If a local governing body opts for the utilization of the enforcement mechanism and procedures provided for in Ch. 162, it must take the prescribed enforcement boards and the enforcement procedures as it finds them and is bound thereby. In effect, any power in regard thereto possessed by the local governments is exhausted (except for abolition of the boards) upon its creation of an enforcement board. Chapter 162 does not delegate the Legislature's exclusive power to fix or provide for administrative penalties or the costs of prosecution of the legislatively-prescribed enforcement procedures or the collection of such penalties or costs. Thus, a local government or its governing body derives no delegated authority from Ch. 162 to enforce its codes in any manner other than as provided in that chapter. And as I have hereinbefore stated, until legislatively provided or judicially determined otherwise, I cannot say that either of the local governments within the purview of Ch. 162 or their governing bodies possess any home rule powers to anywise regulate the local code enforcement boards or their enforcement procedures or to confer any authority or impose any duty or requirement upon such boards. Moreover, Ch. 162 was established by the Legislature as an alternative to enforcement of such codes in county court. See, AGO 81 25 (discussing the legislative intent of the session law which originally enacted Ch. 162, and noting that the code enforcement board was intended to replace the county court as the forum for resolution of technical code violations). Beyond these two forums, no other means of enforcement are available to cities or counties. See, s 1, Art. V, State Const. (vesting judicial power in a supreme court, district courts of appeal, circuit courts and county courts, and providing that no other courts may be established by the state, and political subdivisions, or any municipality). For a description of the jurisdiction of county courts, see, s 6(b) and s 20(c)(4), Art. V (the latter section granting county courts original jurisdiction of all violations of municipal and county ordinances); see also, s34.01(1)(b), F.S.
In view of the foregoing considerations, it would appear that the local governing bodies do not possess any home rule power over such boards or the duties and powers conferred and imposed thereon by the Legislature. Were it not for Ch. 162 and the enforcement procedures prescribed thereby, the local governments, or their administrative agencies and officers, would be without any power to enforce their various technical codes by administrative agencies or to impose the administrative fines or place the liens as provided therein by the Legislature. Rather, such technical codes would be exclusively enforced by the county courts. Therefore, in view of the fact that the Legislature has not delegated any authority to the local governing bodies in that regard, I must conclude that a local governing body, by ordinance, may not in effect amend or add any provision to Ch. 162, F.S., so as to authorize or require the local government code enforcement board to impose an administrative charge or fee on individuals or entities found guilty of violating any of the various technical codes in force in the counties and municipalities.
In summary, it is my opinion that the governing body of a county or municipality that has created a local government code enforcement board pursuant to and as provided in Ch. 162, F.S., may not by ordinance require that the local code enforcement board impose an administrative charge or fee on individuals, businesses or other entities found guilty by the board of violation of one or more of that local government's technical codes.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General