Mr. L. Michael Milbrath County Attorney Marion County 19 N.W. Pine Avenue Room 200 Ocala, Florida 32670
Dear Mr. Milbrath:
This is in response to your request for an opinion on the following question:
 CAN A NONCHARTER COUNTY BY ORDINANCE LEVY A SURCHARGE ON CRIMINAL TRAFFIC OFFENSES FROM TEN DOLLARS TO ONE THOUSAND DOLLARS TO BE USED BY LAW ENFORCEMENT FOR DRUNK DRIVING ENFORCEMENT PROGRAMS WITHOUT SPECIFIC STATUTORY AUTHORITY?
Your question is answered in the negative for the following reasons.
Noncharter counties have full authority to carry on county government and may act through the exercise of home rule powers pursuant to s. 125.01(1), F.S. (1984 Supp.), in the absence of legislative or constitutional preemption. See, Speer v. Olson,367 So.2d 207 (Fla. 1978). However, it would not appear that the levy of a surcharge on a criminal traffic offense is embraced within or derived from the power of self government granted by s. 1(f), Art. VIII, State Const., as construed in Speer v. Olson, supra. See, AGO 84-71 (imposition of costs in criminal cases not a function, purpose or duty of county government). Cf., s. 125.69, F.S., authorizing counties to impose fines or imprisonment for violations of ordinances. The absence of such authority with respect to violations of state statutes, such as criminal traffic offenses, suggests that, as your question assumes, no such specific statutory authority exists.
Ultimately, your question is controlled by s. 18, Art. I, State Const., which provides that "[n]o administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law." (e.s.) A surcharge or surtax on criminal traffic offenses is a penalty. See, Hyman v. State, Department of Business Regulation, 431 So.2d 603, 605 (3 D.C.A.Fla., 1983), comprehensively reviewing case law as to the definition of "penalty" for purposes of s. 18, Art. I, State Const., and noting that an action "is for a penalty if it seeks to obtain a sum of money for the state, an entity which has not suffered direct injury by reason of any prohibited action" (quoting from Smith v. Bolles, 132 U.S. 125, 130 [1889], which distinguished penalty from restitution). Cf., Black's Law Dictionary 1296 (5th Ed. 1979) (cross-reference from "surcharge" at id., 1292), defining "surtax" as "[a]n additional tax on what has already been taxed." Moreover, this office has concluded previously that a county is an "administrative agency" for purposes of s. 18, Art. I, State Const. Attorney General Opinion 79-109. See also, AGO 46-180, reaching the same conclusion as to prior constitutional provisions. In AGO 79-109, this office concluded that a charter county does not have the authority to enact an ordinance which provides for the imposition of civil penalties by county agencies or which purports to authorize a county consumer protection board to impose a civil penalty for violation of that board's cease and desist orders. See, Broward County v. Plantation Imports, Inc., 419 So.2d 1145 (4 D.C.A.Fla., 1982), expressly approving the conclusion reached in AGO 79-109. Cf., AGO 81-76 (discussing imposition of penalties for violations of municipal ordinances and noting that limitations provided by Legislature in statutory law setting forth penalties should serve as guidelines for municipality exercising home rule powers). Finally, s. 18, Art. I, State Const., prohibits the administrative imposition of any penalty "except as provided by law." The phrase, "by law," contemplates an enactment of the Legislature. Grapeland Heights Civic Association v. City of Miami, 267 So.2d 321, 324
(Fla. 1972); Broward County v. Plantation Imports, Inc., supra, at 1148. It does not include or contemplate an ordinance of a noncharter county. See, AGO 84-51. Accordingly, unless provided by law, I am of the view that a noncharter county cannot by ordinance levy a surcharge on criminal traffic offenses.
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that a noncharter county cannot by ordinance levy a surcharge on criminal traffic offenses to be used by law enforcement for drunk driving enforcement programs without specific statutory authority to do so.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General