Maureen Cullen Acting County Attorney Palm Beach County
Question:
May the county commission enact a code of ethics for county officers and employees which varies from the Code of Ethics in Part III, Ch. 112, F.S.?
Summary:
While the county commission of a charter county has the authority to enact a code of ethics for county officers and employees, a county ethics code may not conflict with the provisions of Part III, Ch. 112, F.S.
Section 1(g), Art. VIII, State Const., in pertinent part, provides:
 Counties operating under county charters shall have all powers of local self-government not inconsistent with general law, or with special law approved by vote of the electors. The governing body of a county operating under a charter may enact county ordinances not inconsistent with general law. . . . (e.s.)
Thus, charter counties are authorized to legislate on any matter upon which the state Legislature may act, except where an area is preempted by the state.[1] However, no county ordinance may be inconsistent or conflict with general law.[2]
Section 8, Art. II, State Const., in pertinent part, provides :
(a) All elected constitutional officers and candidates for such offices and, as may be determined by law, other public officers, candidates, and employees shall file full and public disclosure of their financial interests.
* * *
(c) Any public officer or employee who breaches the public trust for private gain and any person or entity inducing such breach shall be liable to the state for all financial benefits obtained by such actions. The manner of recovery and additional damagesmay be provided by law. (d) Any public officer or employee who is convicted of a felony involving a breach of public trust shall be subject to forfeiture of rights and privileges under a public retirement system or pension plan in such manner as may beprovided by law. (e) No member of the legislature or statewide elected officer shall personally represent another person or entity for compensation before the government body or agency of which the individual was an officer or member of a period of two years following vacation of office. No member of the legislature shall personally represent another person or entity for compensation during term of office before any state agency other than judicial tribunals. Similar restrictions on other publicofficers and employees may be established by law. (f) There shall be an independent commission to conduct investigations and make public reports on all complaints concerning breach of public trust by public officers or employees not within the jurisdiction of the judicial qualifications commission. (g) This section shall not be construed to limit disclosures and prohibitions which may be established by law to preserve the public trust and avoid conflicts between public duties and private interests. (h) Schedule-On the effective date of this amendment and until changed by law: (1) Full and public disclosure of financial interests shall mean filing with the secretary of state by July 1 of each year a sworn statement showing net worth and identifying each asset and liability in excess of $1,000 and its value together with one of the following: a. A copy of the person's most recent federal income tax return; or b. A sworn statement which identifies each separate source and amount of income which exceeds $1,000. The forms for such source disclosure and the rules under which they are to be filed shall be prescribed by the independent commission established in subsection (f), and such rules shall include disclosure of secondary sources of income. (e.s.)
These various constitutional requirements addressing ethics for public officials and employees have been implemented in Part III, Ch. 112, F.S., the Florida Code of Ethics for Public Officers and Employees.[3] The Legislature's express intent in passing a code of ethics is that "public interest . . . requires that the law protect against any conflict of interest and establish standards for the conduct of elected officials and government employees in situations where conflicts may exist."[4]
Section 112.311(5), F.S., states that the policy of this state is that :
no officer or employee of a state agency or of a county, city, or other political subdivision of the state . . . shall have any interest, financial or otherwise, direct or indirect; engage in any business transaction or professional activity; or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest. To implement this policy and strengthen the faith and confidence of the people of the state in their government, there is enacted acode of ethics setting forth standards of conduct required of
state. county, and city officers and employees . . . in theperformance of their official duties. It is the intent of the Legislature that this code shall serve not only as a guide forthe official conduct of public servants in this state, but also as a basis for discipline of those who violate the provisions ofthis part. (e.s.)
Thus, the Legislature has provided a code of ethics which covers the official conduct of all public officials and employees in this state. However, there is no express preemption of this area to the state which would preclude legislation by a county consistent with the Code of Ethics.
In CEO 75-20, the Florida Commission on Ethics recognizes that a municipality may enact a municipal code of ethics more stringent than, or with provisions differing from, Part III, Ch. 112, F.S., as long as it does not conflict with the state statute.[5]
The opinion notes, however, that both state and local public officers are subject to the requirements of state law regardless of any code of ethics enacted by a municipality.
The conclusion in CEO 75020 would appear to apply equally to a charter county which proposes to enact a county code of ethics. Any legislation by the county regarding ethics of public officers and employees could not be inconsistent with Part III, Ch. 112, F.S.
The issue of conflict between local ordinances and state law has been addressed in Jordan Chapel Freewill Baptist Church v. Dade County.[6] The court stated that:
Legislative provisions are inconsistent if, in order to comply with one provision, a violation of the other is required. . . . [T]he sole test of conflict for purposes of preemption is theimpossibility of co-existence of the two laws. Courts are therefore concerned with whether compliance with a County ordinance requires a violation of a state statute or renders compliance with a state statute impossible. (emphasis in original)[7]
Thus, a county ethics code may not be inconsistent with Part III, Ch. 112, F.S., such that compliance with the county code would result in a violation of the state ethics code or make compliance with the state ethics code impossible.[8]
In light of the conclusion reached by the Commission on Ethics in CEO 75-20 and the absence of an express preemption of the area to the state, counties may adopt an ethics code more stringent than, or with provisions differing from the provisions of Part III, Ch.112, F.S., as long as the county's code of ethics does not conflict with the state statute.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Broward County v. Fort Lauderdale Christian School, 366 So.2d 1264, 1265 (4 D.C.A. Fla., 1979) (since school cafeterias were exempted from state licensing requirements; state had not preempted the field of legislation in that area; therefor, county ordinance requiring school to obtain permit to operate food service establishment was not inconsistent with general law).Cf., Speer v. Olson, 367 So.2d 207 (Fla. 1978), addressing the issues of preemption and conflict as they relate to noncharter county legislation.
[2] Cf., City of Miami Beach v. Rocio Corporation,404 So.2d 1066, 1070 (3 D.C.A. Fla., 1981) (legislation may be concurrent, enacted by both state and local governments in areas not preempted by the state, concurrent legislation enacted by municipalities may not conflict with state law).
[3] See, Broward County v. Plantation Imports, Inc.,419 So.2d 1145 (4 D.C.A. Fla., 1982) (phrase "by law" as used in the State Constitution means a statute enacted by the Legislature).
[4] Section 112.311(1), F.S.
[5] Commission on Ethics Advisory opinion 75-20.
[6] 334 So.2d 661 (3 D.C.A. Fla. 1976).
[7] Id. at 664.
[8] Cf., Rinzler v. Carson, 262 So.2d 661, 668(Fla. 1972) (municipality may not forbid what the Legislature has expressly licensed, authorized or required, nor may it authorize what the Legislature has expressly forbidden).