Mr. Richard Kane Hallandale City Attorney 400 South Federal Highway Hallandale, Florida 33009-6433
Dear Mr. Kane:
You have asked for my opinion on substantially the following question:
When a municipality has created a local government safe neighborhood district pursuant to section 163.506, Florida Statutes, may it subsequently adopt an ordinance requiring that any change in the boundaries of the safe neighborhood district will be effective only after approval by a majority of the original district's electors?
In sum:
An ordinance providing for an expansion or increase in the boundaries of a previously created local government neighborhood improvement district with ad valorem taxing power must be approved by a vote of those property owners who are subject to the district's taxing power, including those property owners in the area proposed for inclusion.
According to information you have submitted, the City of Hallandale created the Golden Isles Safe Neighborhood District in 1989. The district was created by ordinance pursuant to section163.506, Florida Statutes, and is funded by a levy of ad valorem taxes within the district. The city commission serves as the board of directors of the district and the district also has an advisory council made up of property owners and residents of the district.
Recently, citizens of certain areas of the city that adjoin the district's boundaries requested that the commission consider expanding the district's boundaries to include these adjoining areas. This proposal was subsequently withdrawn. However, the city is now considering the question of whether it may validly amend the original ordinance creating the district to authorize a change in district boundaries only when such a change is approved by a majority of those electors residing inside the original district boundaries.
In drafting and approving the 1968 Constitution, the citizens of the State of Florida reserved to themselves the power to deal directly with some governmental measures through referendum.[1] As provided in the Florida Constitution:
"Article I. Section 1. Political power. — All political power is inherent in the people. The enunciation herein of certain rights shall not be construed to deny or impair others retained by the people.
* * *
Article VI. Section 5. General and special elections.-- . . . Special elections and referenda shall be held as provided by law."
It is Article VI, section 5, Florida Constitution, that actually controls the manner in which the power of referendum may be granted, that is, as "provided by law." Under the Constitution, the phrase "as provided by law" means as passed "by an act of the legislature."[2]
The Florida Constitution and statutes make specific provision for referenda relating to the imposition of ad valorem taxes by local governmental bodies. Article VII, section 9(b), Florida Constitution, authorizes the levy of ad valorem taxes by special districts at a millage rate authorized by law, but requires that any such levy be "approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation." This constitutional provision is implemented for districts, such as the Golden Isles Safe Neighborhood District, in section 163.506(1)(c), Florida Statutes (1998 Supplement). The statute authorizes the district to levy ad valorem taxes on real and personal property up to two mills annually.
The Golden Isles Safe Neighborhood District is funded by a levy of ad valorem taxes within the district. Any action to extend the boundaries of the district would necessarily implicate a tax burden in this new area. Under the statutory and constitutional provisions discussed above, such a burden may not be imposed on property owners without referendum consideration. Thus, an ordinance to extend the boundaries of a special district with taxing authority must be approved by those who will be taxed to provide these special improvements or district expenses and cannot be limited to exclude any portion of them.
The Charter of the City of Hallandale contains the following provision:
"The qualified electors of the City shall have power to require reconsideration by the Commission of any adopted ordinance and, if the Commission fails to repeal an ordinance so reconsidered, to approve or reject it at a City election, provided such power shall not extend to the budget or capital program or ordinance relating to appropriation of money or levy of taxes."[3]
Clearly, this provision recognizes the approval or rejection of ordinances by referendum and extends this power to all the qualified electors of the city. However, this general referendum power in the city charter cannot preempt the specific constitutional and statutory requirements for referenda relating to the imposition of ad valorem taxes discussed above.[4]
In sum, it is my opinion that an ordinance providing for an expansion or increase in the boundaries of a previously created local government neighborhood improvement district must be approved by a vote of those property owners who will be subject to the district's ad valorem taxing power including those property owners in the area proposed to be added. However, it may be advisable for the Legislature to revisit these statutes and make its intent more clear regarding the modification of safe neighborhood district boundaries and the procedures to accomplish these changes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Florida Land Company v. City of Winter Springs,427 So.2d 170 (Fla. 1983). See also, City of Eastlake v. Forest CityEnterprises, Inc., 426 U.S. 668, 96 S.Ct. 2358, 49 L.Ed.2d 132
(1976).
[2] Broward County v. Plantation Imports, Inc., 419 So.2d 1145,1148 (Fla. 4th DCA 1982).
[3] Article VII, s. 7.03, Hallandale Code.
[4] A municipality cannot forbid what the Legislature has expressly licensed, authorized or required, nor may it authorize what the legislature has expressly forbidden (12 Fla. Jur.2dCounties and Municipal Corporations s. 187; Rinzler v. Carson,262 So.2d 661, 668, (Fla. 1972); City of Miami Beach v. RocioCorp., 404 So.2d 1066, 1069 (Fla. 3d DCA 1981), pet. for rev.den., 408 So.2d 1092 (Fla. 1981); Wyche v. State, 619 So.2d 231,237 (Fla. 1993).