Mr. Gordon B. Johnson Marion County Attorney 601 Southeast 25th Avenue Ocala, Florida 34471
Dear Mr. Johnson:
On behalf of the Marion County Board of County Commissioners, you ask the following question:
May a board of county commissioners enact additional requirements for eligibility under section 196.075, Florida Statutes, for the additional homestead exemption?
In sum:
A board of county commissioners may not enact additional requirements for eligibility under section 196.075, Florida Statutes, for the additional homestead exemption.
In November 1998, the electors of this state approved Amendment 3 to the Florida Constitution. The amendment created Article VII, section 6(f), Florida Constitution, authorizing the Legislature to allow counties and municipalities to grant an additional homestead tax exemption not exceeding $25,000 to certain persons sixty-five years of age or older whose household income did not exceed a specified amount.[1]
During the 1999 legislative session, the Legislature sought to implement the above constitutional amendment by adopting section196.075, Florida Statutes.[2] The statute allows the board of county commissioners of any county or the governing authority of any municipality to grant an additional homestead exemption of up to $25,000 to resident homeowners who have legal or equitable title to the real estate, who are at least sixty-five years of age and whose household income does not exceed a specified amount.[3]
Those persons entitled to the homestead exemption in section196.031, Florida Statutes, may apply for and receive an additional homestead exemption as provided in this section.[4]
The statute requires the county or city governing body to adopt an ordinance granting the additional homestead exemption. The ordinance must meet the following requirements:
"(a) It must be adopted under the procedures for adoption of a nonemergency ordinance specified in chapter 125 by a board of county commissioners, or chapter 166 by a municipal governing authority.
(b) It must specify that the exemption applies only to taxes levied by the unit of government granting the exemption. Unless otherwise specified by the county or municipality, this exemption will apply to all tax levies of the county or municipality granting the exemption, including dependent special districts and municipal service taxing units.
(c) It must specify the amount of the exemption, which may not exceed $25,000. If the county or municipality specifies a different exemption amount for dependent special districts or municipal service taxing units, the exemption amount must be uniform in all dependent special districts or municipal service taxing units within the county or municipality.
(d) It must require that a taxpayer claiming the exemption annually submit to the property appraiser, not later than March 1, a sworn statement of household income on a form prescribed by the Department of Revenue."[5]
The governing body must deliver a copy of the ordinance to the property appraiser no later than December 1 of the year prior to the year the exemption will take effect.[6] If the ordinance is repealed, the property appraiser must be notified no later than December 1 of the year prior to the year the exemption expires.[7]
Article VII, section 1(a), Florida Constitution provides:
"No tax shall be levied except in pursuance of law. No state ad valorem taxes shall be levied upon real estate or tangible personal property. All other forms of taxation shall be preempted to the state except as provided by general law."
Article VII, section 9(a), Florida Constitution, similarly limits the taxing authority of municipalities and counties:
"Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution."
The term "law" as used in the constitutional sense means a statute passed by both houses of the state Legislature.[8]
Therefore, Florida follows the general rule that taxes may be levied, assessed, and collected only in the manner prescribed by statute.[9] Although a county is granted broad home rule powers by Article VIII, section 1(f), Florida Constitution, as implemented by section 125.01, Florida Statutes, its taxing power is derived from Article VII of the Florida Constitution, not Article VIII, Florida Constitution.[10] Thus, this office has stated that a county or municipality has no home rule powers with respect to the levy of taxes and exemptions therefrom but must be able to point to constitutional or statutory authority in exercising its taxing power.[11]
Moreover, a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[12] The Legislature has specified in section 196.075, Florida Statutes, the requirements for granting the additional homestead exemption. While the statute appears to permit the local governing body to determine the amount of the additional exemption up to $25,000[13] and to determine whether it applies to all tax levies of the county or municipality granting the exemption, including dependent special districts and municipal service taxing units,[14] nothing in the statute authorizes a board of county commissioners or the governing body of a municipality to enact additional requirements for eligibility. Rather, section 196.075, Florida Statutes, provides for the eligibility of any person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, who has attained age sixty-five, and whose household income does not exceed $20,000 (to be adjusted annually beginning January 1, 2001).[15]
Accordingly, I am of the opinion that a board of county commissioners may not enact additional requirements for eligibility under section 196.075, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Article VII, s. 6(f), Fla. Const., provides:
"The legislature may, by general law, allow counties or municipalities, for the purpose of their respective tax levies and subject to the provisions of general law, to grant an additional homestead tax exemption not exceeding twenty-five thousand dollars to any person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner and who has attained age sixty-five and whose household income, as defined by general law, does not exceed twenty thousand dollars. The general law must allow counties and municipalities to grant this additional exemption, within the limits prescribed in this subsection, by ordinance adopted in the manner prescribed by general law, and must provide for the periodic adjustment of the income limitation prescribed in this subsection for changes in the cost of living."
[2] See, Ch. 99-341, Laws of Florida (CS/CS/HB 291).
[3] Initially, household income may not exceed $20,000. See, s.196.075(2), Fla. Stat. However, s. 196.075(3), Fla. Stat., provides that beginning January 1, 2001, the $20,000 income limitation
"shall be adjusted annually, on January 1, by the percentage change in the average cost-of-living index in the period January 1 through December 31 of the immediate prior year compared with the same period for the year prior to that. The index is the average of the monthly consumer-price-index figures for the stated 12-month period, relative to the United States as a whole, issued by the United States Department of Labor."
And see, s. 196.075(1)(b), Fla. Stat., defining "Household income" to mean "the adjusted gross income, as defined in s. 62 of the United States Internal Revenue Code, of all members of a household."
[4] See, s. 196.075(7), Fla. Stat., which also provides that "[r]eceipt of the additional homestead exemption provided for in this section shall be subject to the provisions of ss. 196.131 and196.161, if applicable." Cf., s. 196.075(8), Fla. Stat., which states that "[i]f title is held jointly with right of survivorship, the person residing on the property and otherwise qualifying may receive the entire amount of the additional homestead exemption.
[5] Section 196.075(4), Fla. Stat. And see, s. 196.075(5), Fla. Stat., stating that the Department of Revenue "must require by rule that the filing of the statement be supported by copies of any federal income tax returns for the prior year, any wage and earnings statements (W-2 forms), and any other documents it finds necessary, for each member of the household, to be submitted by June 1. The taxpayer's statement shall attest to the accuracy of such copies." Subsection (5) further provides that the "property appraiser may not grant the exemption without the required documentation."
[6] Section 196.075(6), Fla. Stat.
[7] Id.
[8] See, Broward County v. Plantation Imports, Inc.,419 So.2d 1145 (Fla. 4th DCA 1982); Grapeland Heights Civic Association v.City of Miami, 267 So.2d 321 (Fla. 1972); Advisory Opinion toGovernor, 22 So.2d 398 (Fla. 1945).
[9] See, Walter E. Heller Company Southeast, Inc. v. Williams,450 So.2d 521 (Fla. 3d DCA 1984), review denied, 462 So.2d 1108
(Fla. 1985); State ex rel. Seaboard Air Line R. Co. v. Gay,35 So.2d 403 (Fla. 1948); Maas Brothers, Inc. v. Dickinson,195 So.2d 193 (Fla. 1967).
[10] See generally, Contractors and Builders Association ofPinellas County v. City of Dunedin, 329 So.2d 314, 317 (Fla. 1976). See also, City of Tampa v. Birdsong Motors, Inc.,261 So.2d 1 (Fla. 1972) (municipality's power to tax is subject to the restrictions in Art. VII, s. 9, Fla. Const.).
[11] See, e.g., Ops. Att'y Gen. Fla. 90-23 (1990) (city may not provide for the rebate of ad valorem taxes collected on newly annexed property, in the absence of constitutional or statutory authority allowing such action); 87-45 (1987); and 84-65 (1984) (units of local government have no inherent power to impose taxes; the taxing power must be derived from the state).
[12] See, e.g., Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952);Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[13] See, s. 196.075(2), Fla. Stat., stating in part that "the board of county commissioners of any county or the governing authority of any municipality may adopt an ordinance to allow an additional homestead exemption of up to $25,000[.]" (e.s.)
[14] See, s. 196.075(4)(b), Fla. Stat., stating that "[u]nlessotherwise specified by the county or municipality, this exemption will apply to all tax levies of the county or municipality granting the exemption, including dependent special districts and municipal service taxing units." (e.s.)
[15] See, ss. 196.075(2) and (3), Fla. Stat. And see, s.196.075(7), Fla. Stat., stating that those persons entitled to the homestead exemption in s. 196.031 may apply for and receive an additional homestead exemption as provided in this section. Andsee, s. 196.075(1)(b), Fla. Stat., stating that "Household income" means the adjusted gross income, as defined in s. 62 of the United States Internal Revenue Code, of all members of a household.