Mr. James C. Brady Lauderdale Lakes City Attorney 501 Northeast 8th Street Fort Lauderdale, Florida 33304
Dear Mr. Brady:
On behalf of the City of Lauderdale Lakes, you have asked for my opinion on substantially the following question:
Are city commissioners required to adopt a voucher system for reimbursement of transportation-related expenses pursuant to section112.061, Florida Statutes, if the city's charter, and specifically the city's code of ordinances, does not require city commissioners to provide vouchers for transportation-related expenses?
In sum:
Section 112.061(11), Florida Statutes, specifically applies to state officers, employees and authorized persons. The statute by its terms does not apply to municipal officers, employees and others authorized to act on behalf of the municipality. However, in order to ensure accountability for the expenditure of public funds, it may be advisable for local governments to adopt voucher provisions similar to those contained in section 112.061(11), Florida Statutes.
Section 112.061, Florida Statutes, governs the per diem and travel expenses of public officers and employees in this state. With the enactment of section 112.061, the Legislature sought to establish uniform maximum rates and limitations, with certain exceptions, applicable to public officers, employees, and authorized persons whose travel expenses are paid by a public agency.[1] Municipalities are included within the scope of the act.[2]
In an effort to accomplish uniformity, the statute recognizes that section 112.061, Florida Statutes, will prevail over any conflicting provisions in a general law to the extent of the conflict, unless the general law contains a specific exemption. Any special or local law, however, shall prevail to the extent of a conflict with the statute. The term "local law" does not refer to local codes or ordinances, but to enactments of the Legislature.[3]
Section 112.061(11), Florida Statutes, provides for travel authorization and voucher forms. The statute requires that a uniform travel voucher form "shall be used by all state officers and employees and authorized persons when submitting travel expense statements for approval and payment."[4] (e.s.) Thus, the requirements of section 112.061(11)(b), Florida Statutes, must be complied with by state workers but are not legislatively imposed on the public officers, employees or authorized persons of other governmental entities, including municipalities.
However, while the statute does not specifically require local governments to adopt voucher requirements for public business travelers, I would note that the provisions of this statute set forth safeguards for the expenditure of public funds by those doing the public's business. In an effort to provide accountability for use of these public funds, it may be advisable for local governments to adopt voucher provisions similar to those contained in section 112.061(11), Florida Statutes.
In sum, section 112.061(11), Florida Statutes, specifically applies to state officers, employees and authorized persons. The statute by its terms does not apply to municipal officers, employees and others authorized to act on behalf of a municipality.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 112.061(1)(a), Fla. Stat.
[2] See, s. 112.061(2)(a), Fla. Stat., defining "Agency or public agency" to mean "[a]ny office, department, agency, division, subdivision, political subdivision, board, bureau, commission, authority, district, public body, body politic, county, city, town, village, municipality, or any other separate unit of government created pursuant to law."
[3] See, Art. X, s. 12(g), Fla. Const.; Advisory Opinion to Governor,22 So.2d 398 (Fla. 1945) (ordinance of noncharter county not a "law" within the purview of s. 5[c], Art. II, State Const.); Op. Att'y Gen. Fla. 84-39 (1984) (municipal ordinance not a "law" within the meaning of s. 8, Art. I, State Const.); Op. Att'y Gen. Fla. 79-109 (1979) (governing body of charter county prohibited in absence of statutory authorization from providing by ordinance for imposition of civil penalties by agencies of county); and Broward County v. Plantation Imports, Inc., 419 So.2d 1145
(Fla. 4th DCA 1982) (holding that provisions of a county ordinance authorizing assessment of penalties by county agency was unconstitutional, and agreeing with conclusion reached in Op. Att'y Gen. Fla. 79-109 (1979).
[4] Section 112.061(11)(b), Fla. Stat.