Mr. James C. Brady Fort Lauderdale City Attorney 501 Northeast 8th Street Fort Lauderdale, Florida 33304
Dear Mr. Brady:
You have requested my opinion on substantially the following question:
Is a municipality authorized to provide an expense account to its city officials and to citizen volunteer members without a limitation on the per diem rates established pursuant to section 112.061(6), Florida Statutes?
In sum:
Section 112.061(6), Florida Statutes, applies to municipalities and controls the maximum rates of per diem and subsistence allowance to be paid to officers, employees or others authorized to act on behalf of the municipality. While a municipality may legislate on the subject of per diem and subsistence allowances for governmental travelers, the rates established by section 112.061(6), Florida Statutes, may not be exceeded.
Section 112.061, Florida Statutes, governs the per diem and travel expenses of public officers, employees and authorized persons in this state. The enactment of section 112.061 represents the Legislature's efforts to establish uniform maximum rates and limitations, with certain exceptions, applicable to public officers, employees, and authorized persons whose travel expenses are paid by a public agency.[1]
Municipalities are included within the scope of the act.[2]
To ensure uniformity, the statute provides that section 112.061, Florida Statutes, will prevail over any conflicting provisions in a general law to the extent of the conflict, unless the general law contains a specific exemption. However, section 112.061(1)(b)2., Florida Statutes, expressly states that "[t]he provisions of any special or local law, present or future, shall prevail over any conflicting provisions in this section, but only to the extent of the conflict." A "local law" does not refer to local codes or ordinances, but to enactments of the Legislature.[3]
Section 112.061(6), Florida Statutes, provides the rates at which travelers may be reimbursed for official travel. The statute provides:
"(a) All travelers shall be allowed for subsistence when traveling to a convention or conference or when traveling within or outside the state in order to conduct bona fide state business, which convention, conference, or business serves a direct and lawful public purpose with relation to the public agency served by the person attending such meeting or conducting such business, either of the following for each day of such travel at the option of the traveler: 1. Fifty dollars per diem; or 2. If actual expenses exceed $50, the amounts permitted in paragraph (b) for means, plus actual expenses for lodging at a single-occupancy rate to be substantiated by paid bills therefor.
When lodging or meals are provided at a state institution, the traveler shall be reimbursed only for the actual expenses of such lodging or meals, not to exceed the maximum provided for in this subsection.
(b) All travelers shall be allowed the following amounts for subsistence while on Class C travel on official business . . 1. Breakfast . . . .$12. Lunch. . . . . . $32. Dinner. . . . . .$63.
These rates are established statutorily and apply to "[a]ll travelers."
A "traveler" for purposes of section 112.061 is defined in (2)(f) as "[a] public officer, public employee, or authorized person, when performing authorized travel." An "authorized person" is defined as:
"1. A person other than a public officer or employee as defined herein, whether elected or commissioned or not, who is authorized by an agency head to incur travel expenses in the performance of official duties. 2. A person who is called upon by an agency to contribute time and services as consultant or adviser. 3. A person who is a candidate for an executive or professional position."[4]
These definitions apply equally to state and local governmental travelers.[5] Citizen volunteers would appear to come within the scope of the term "authorized person" assuming their activities fit within the scope of the definition above.
The municipal home rule powers act gives broad home rule powers to municipalities. Pursuant to section 166.021(3), Florida Statutes, the legislative body of a municipality has the power to enact legislation concerning any subject upon which the state Legislature may act except: "(a) The subjects of annexation, merger, and exercise of extraterritorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the State Constitution; (b) Any subject expressly prohibited by the constitution; (c) Any subject expressly preempted to state or county government by the constitution or by general law; and (d) Any subject preempted to a county pursuant to a county charter adopted under the authority of ss. 1(g), 3, and 6(e), Art. VIII of the State Constitution."
Thus, if section 112.061, Florida Statutes, were determined to constitute a preemption by the state of the subject of travel expenses and per diem, the provisions of the statute would prevail over any local legislation adopted to regulate this area.
A previous opinion of this office however, has concluded that section112.061, Florida Statutes, does not constitute an express preemption to the state of regulation of governmental travel.[6] Rather, the statute itself provides that it establishes "uniform maximum rates . . . applicable to all public officers, employees, and authorized persons whose travel expenses are paid by a public agency."[7] (e.s.) Thus, while local governments may legislate on the subject of per diem and subsistence allowances for governmental travelers, the rates established by section 112.061(6) may not be exceeded.[8]
Therefore, it is my opinion that section 112.061(6), Florida Statutes, applies to municipalities and controls the maximum rates of per diem and subsistence allowance to be paid to officers, employees or others authorized to act on behalf of the municipality. While a municipality may adopt legislation implementing these maximum rates locally, it may not act in a manner inconsistent with the provisions of section 112.061(6), Florida Statutes.[9]
While this office has recently opined in Attorney General's Opinion 2002-65 that section 112.061(11), Florida Statutes, requiring the use of vouchers by state officers and employees does not impose a requirement to use state vouchers on municipalities, that opinion should not be understood to conclude that other provisions of section 112.061 do not apply to municipalities.
Sincerely,
Richard E. Doran Attorney General
[1] Section 112.061(1)(a), Fla. Stat.
[2] Section 112.061(2)(a), Fla. Stat., defines an "agency" or "public agency" as "[a]ny office, department, agency, division, subdivision, political subdivision, board, bureau, commission, authority, district, public body, body politic, county, city, town, village, municipality, or any other separate unit of government created pursuant to law." (e.s.)
[3] See, Art. X, s. 12(g), Fla. Const.; Advisory Opinion to Governor,22 So.2d 398 (Fla. 1945) (ordinance of noncharter county not a "law" within the purview of s. 5[c], Art. II, State Const.); Op. Att'y Gen. Fla. 84-39 (1984) (municipal ordinance not a "law" within the meaning of s. 8, Art. I, State Const.); Op. Att'y Gen. Fla. 79-109 (1979) (governing body of charter county prohibited in absence of statutory authorization from providing by ordinance for imposition of civil penalties by agencies of county); and Broward County v. Plantation Imports, Inc., 419 So.2d 1145
(Fla. 4th DCA 1982) (holding that provisions of a county ordinance authorizing assessment of penalties by county agency was unconstitutional, and agreeing with conclusion reached in Op. Att'y Gen. Fla. 79-109 (1979).)
[4] Compare, s. 112.061(11), Fla. Stat., relating to travel authorization and voucher forms which specifically applies only to "state officers and employees and authorized persons" and Op. Att'y Gen. Fla. 02-65 (2002).
[5] Section 112.061(2)(e), Fla. Stat.
[6] See, Op. Att'y Gen. Fla. 74-18 (1974).
[7] Section 112.061(1)(a), Fla. Stat.
[8] A legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. Alsop v.Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel,56 So.2d 341, 342 (Fla. 1952); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[9] Cf., Op. Att'y Gen. Fla. 92-67 (1992) (charter county required to follow provisions of section 112.061[7], Fla. Stat.)