Mr. Edward A. Dion Broward County Attorney 115 South Andrews Avenue, Suite 423 Fort Lauderdale, Florida 33301.
Dear Mr. Dion:
On behalf of the Broward County Commission, you ask substantially the following question:
May a county impose a $25,000 limit on the allowable amount of the reduction in the assessed value of homestead property for living quarters for parents or grandparents, in light of the language of Article VII, section 4(e), Florida Constitution, and its implementing legislation, section 193.703, Florida Statutes?
In the 2002 general election, the electorate of this state passed Amendment 7, which revised Article VII, section 4, of the Florida Constitution. As amended, section 4(e) of Article VII provides:
"A county may, in the manner prescribed by general law, provide for a reduction in the assessed value of homestead property to the extent of any increase in the assessed value of that property which results from the construction or reconstruction of the property for the purpose of providing living quarters for one or more natural or adoptive grandparents or parents of the owner of the property or of the owner's spouse if at least one of the grandparents or parents for whom the living quarters are provided is 62 years of age or older. Such a reduction may not exceed the lesser of the following:
(1) The increase in assessed value resulting from construction or reconstruction of the property.
(2) Twenty percent of the total assessed value of the property as improved."
The ballot summary placed on the ballot for the constitutional amendment stated:
"Proposes an amendment to the State Constitution to allow counties to exempt from taxation an increase in the assessed value of homestead property resulting from constructing living quarters for a parent or grandparent of the property owner or the property owner's spouse who is 62 years old or older. Limits the amount of such exemption to the increase in assessed value resulting from such construction or 20 percent of the total assessed value of the property as improved, whichever is less."
The 2002 Legislature enacted section 193.703, Florida Statutes, to implement the provisions of Article VII, section 4(e), Florida Statutes.[1] Subsection (1) of the statute provides:
"In accordance with s. 4(e), Art. VII of the State Constitution, a county may provide for a reduction in the assessed value of homestead property which results from the construction or reconstruction of the property for the purpose of providing living quarters for one or more natural or adoptive parents or grandparents of the owner of the property or of the owner's spouse if at least one of the parents or grandparents for whom the living quarters are provided is at least 62 years of age."
Subsection (4) provides that such a reduction in assessment may only be granted upon an application filed annually with the county property appraiser. Such an application must be made before March 1 of the year for which the reduction is to be granted. If the property appraiser is satisfied that the property is entitled to the reduction, the reduction will be approved provided that the value excluded from the value of the property for purposes of ad valorem taxation may not exceed the lesser of the following:
"(a) The increase in assessed value resulting from construction or reconstruction of the property; or (b) Twenty percent of the total assessed value of the property as improved."
The reduction may only be granted to the owner of the homestead property where the construction or reconstruction is consistent with local land development regulations.[2] Moreover, the reduction only applies to construction or reconstruction of the homestead property occurring after the effective date of the statute and applies only during the taxable years during which at least one such parent or grandparent maintains his or her primary place of residence in such living quarters.[3] When the property owner no longer qualifies for the reduction, the previously excluded just value of the improvements as of the first January 1 after the improvements were substantially completed will be added back to the assessed value of the property.[4]
Article VII, section 1(a), Florida Constitution provides:
"No tax shall be levied except in pursuance of law. No state ad valorem taxes shall be levied upon real estate or tangible personal property. All other forms of taxation shall be preempted to the state except as provided by general law."
Article VII, section 9(a), Florida Constitution, similarly limits the taxing authority of municipalities and counties by providing:
"Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution."
The courts of this state and this office have stated that the term "law" as used in the constitution means a statute passed by both houses of the state Legislature.[5]
Thus, taxes may be levied, assessed, and collected only in the manner prescribed by statute.[6] While counties have been granted broad home rule powers in Article VIII, Florida Constitution, their taxing power is derived from Article VII of the Florida Constitution, not Article VIII, Florida Constitution, and therefore, a county or municipality must be able to point to constitutional or statutory authority in exercising its taxing power.[7]
Both Article VII, section 4(e), Florida Constitution, and its implementing legislation, section 193.703, Florida Statutes, limit the reduction in ad valorem taxes to the lesser of:
"(a) The increase in assessed value resulting from construction or reconstruction of the property; or (b) Twenty percent of the total assessed value of the property as improved."[8]
A legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[9] The Constitution and statute direct the limits of the reduction. While a county is authorized, but not required, to provide for such reduction, nothing in either the Constitution nor statute authorizes the county to vary the terms of the reduction as prescribed therein.
Accordingly, I am of the opinion that a county may not impose a $25,000 limit on the reduction in property tax provided for living quarters of parents and grandparents that the people enacted through constitutional amendment. Article VII, section 4(e), Florida Constitution, and section193.703, Florida Statutes, specify how the reduction in the assessed value of homestead property provided for living quarters for parents or grandparents is to be calculated, and a county may not impose an additional limit on that amount.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See, s. 1, Ch. 02-226, Laws of Florida. And see, s. 2 of Ch. 02-226 which states that "[t]his act shall take effect upon the effective date of an amendment to Section 4 of Article VII of the State Constitution which allows counties to provide for a reduction in assessed value of living quarters constructed for parents or grandparents."
[2] Section 193.703(2), Fla. Stat.
[3] Section 193.703(3), Fla. Stat.
[4] Section 193.703(6), Fla. Stat. And see, s. 193.703(5), Fla. Stat., providing that if the owner of homestead property for which a reduction in assessed value has been granted is found to have made any willfully false statement in the application for the reduction, the reduction shall be revoked, the owner is subject to a civil penalty not to exceed $1,000, and the owner shall be disqualified from receiving any such reduction for a period of 5 years.
[5] See, e.g., Broward County v. Plantation Imports, Inc., 419 So.2d 1145
(Fla. 4th DCA 1982); Grapeland Heights Civic Association v. City ofMiami, 267 So.2d 321 (Fla. 1972) (term "law" as used in constitution means an enactment of the state Legislature and not by a city commission or other political body); Advisory Opinion to Governor, 22 So.2d 398
(Fla. 1945); Ops. Att'y Gen. Fla. 95-81 (1995) and 99-72 (1999).
[6] See, Walter E. Heller Company Southeast, Inc. v. Williams,450 So.2d 521 (Fla. 3d DCA 1984), review denied, 462 So.2d 1108 (Fla. 1985); State ex rel. Seaboard Air Line R. Co. v. Gay, 35 So.2d 403 (Fla. 1948); Maas Brothers, Inc. v. Dickinson, 195 So.2d 193 (Fla. 1967).
[7] See generally, Contractors and Builders Association of PinellasCounty v. City of Dunedin, 329 So.2d 314, 317 (Fla. 1976); City of Tampav. Birdsong Motors, Inc., 261 So.2d 1 (Fla. 1972) (municipality's power to tax is subject to the restrictions in Art. VII, s. 9, Fla. Const.); Ops. Att'y Gen. Fla. 90-23 (1990) (city may not provide for the rebate of ad valorem taxes collected on newly annexed property, in the absence of constitutional or statutory authority allowing such action); 87-45 (1987); and 84-65 (1984) (units of local government have no inherent power to impose taxes; the taxing power must be derived from the state).
[8] While it might be argued that the language "may not exceed the lesser of the following" establishes a ceiling and grants a county some leeway, an examination of the staff analysis indicates that the amendment sought to limit the reduction to the lesser of the two options. See,
House of Representatives Committee on Local Government Veterans Affairs Final Analysis on CS/HJR 317, dated July 1, 2002, pp. 1 and 3, stating:
"The reduction in value is limited to the lesser of the following: The increase in value resulting from the construction or reconstruction; or twenty percent of the total assessed value of the property as improved."
Cf., Smith v. Welton, 729 So.2d 371, 372 (Fla. 1999), in which the Florida Supreme Court in considering similar language in Art. VII, s.4(c), Fla. Const., providing that "changes in assessments shall not exceed the lower of the following," stated that the amendment restricted "subsequent increases in assessments to the lower of either (a) three percent of the prior year's assessment, or (b) a percent change in the Consumer Price Index."
[9] See, e.g., Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944);Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State,335 So.2d 815, 817 (Fla. 1976).