Dear Mr. Wyckoff:
On behalf of the Board of Commissioners of the Anastasia Mosquito Control District of St. Johns County, Florida, you ask substantially the following question:
Does the Anastasia Mosquito Control District of St. Johns County have the authority to adopt a regulatory program to fine property owners who permit the accumulation of standing water on property located within the district?
In sum:
The mosquito control district may not impose a fine on property owners who permit the accumulation of standing water on property located within the district. The district, however, may pursue a nuisance action against such property owners who fail to treat, remove, or abate the condition.
The Anastasia Mosquito Control District of St. Johns County (district) is an independent special district of the state, [1]
created to control and eliminate all species of mosquitoes and other arthropods of public health importance.[2] Chapter 99-449, Laws of Florida, codifies the charter of the Anastasia Mosquito Control District of St. Johns County and provides in section 6 that the provisions of Chapter 388, Florida Statutes, as amended, "shall govern the functions of the Anastasia Mosquito Control District of St. Johns County, except where the same is inconsistent with the provisions of this act."
Section 388.161(1), Florida Statutes, in setting forth the duties of the district boards of commissioners, provides:
"The board of commissioners may do any and all things necessary for the control and elimination of all species of mosquitoes and other arthropods of public health importance and the board of commissioners is specifically authorized to provide for the construction and maintenance of canals, ditches, drains, dikes, fills, and other necessary works and to install and maintain pumps, excavators, and other machinery and equipment, to use oil, larvicide paris green, or any other chemicals approved by the department but only in such quantities as may be necessary to control mosquito breeding and not be detrimental to fish life."
You note that section 388.181, Florida Statutes, provides that the respective districts "are hereby fully authorized to do and perform all things necessary to carry out the intent and purposes of this law."
Section 388.291(1), Florida Statutes, however, provides that a mosquito control district may perform source reduction measures in conformity with good engineering practices in any area, provided that the Department of Agriculture and Consumer Services has approved the operating or construction plan and it has been determined by criteria contained in the rule that the area or areas to be controlled would produce arthropods in significant numbers to constitute a health or nuisance problem. Subsection (3) of section 388.291 provides:
"Property owners in a developed residential area shall maintain their property in a manner that does not create or maintain any standing freshwater condition capable of breeding mosquitoes or other arthropods in significant numbers so as to constitute a public health, welfare, or nuisance problem. This subsection does not authorize the alteration of permitted stormwater management systems or prohibit maintained fish ponds, Florida-friendly landscaping, or other maintained systems of landscaping or vegetation. If such a condition is found to exist, the local arthropod control agency shall serve notice on the property owner to treat, remove, or abate the condition. Such notice is prima facie evidence of maintaining a nuisance, and upon failure of the property owner to treat, remove, or abate the condition, the local arthropod control agency or any affected citizen may proceed pursuant to s. 60.05 to enjoin the nuisance and may recover costs and attorney's fees if they prevail in the action." (e.s.)
Thus, the above statute sets forth the authority of the district to take action if a property owner fails to "treat, remove, or abate" the accumulation of standing freshwater capable of breeding mosquitoes or other arthropods in significant numbers so as to constitute a public health, welfare, or nuisance problem, by providing that the district may seek to abate the nuisance pursuant to section 60.05, Florida Statutes.[3] Neither Chapter 388, Florida Statutes, nor the enabling legislation for the district provide for the imposition of a fine. This office has previously stated that as a statutorily created entity, a mosquito control district may only exercise such powers as have been expressly granted by that act or necessarily implied in order to carry out an express power.[4]
Moreover, Article I, section 18, Florida Constitution, provides that "[n]o administrative agency, . . . shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law." The phrase "by law" contemplates an enactment of the Legislature.[5] In Broward County v. La Rosa, [6] the court, in striking down a county ordinance providing for the imposition of a penalty by the administrative agency without such authority being provided by an act of the Legislature. The court discussed the term "penalty" as used in Article I, section 18, Florida Constitution and relied on the definition used by the United States Supreme Court in United States v. Chouteau, [7] which stated that the term "penalty" involves the idea of punishment and its character is not changed by the mode in which it is inflicted, whether by civil action or criminal prosecution.
In light of the above, I am of the opinion that the Anastasia Mosquito Control District of St. Johns County, Florida, may not impose a fine on property owners who permit the accumulation of standing water on property located within the district in the absence of an act of the Legislature authorizing the district to impose such penalties. The district, however, may pursue a nuisance action against such property owners who fail to treat, remove, or abate the condition.
Sincerely,
 Bill McCollum Attorney General
BM/tjw
[1] See s. 1, Ch. 99-449, Laws of Fla.
[2] Section 388.161(1), Fla. Stat.
[3] See generally Alsop v. Pierce,19 So. 2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel,56 So. 2d 341, 342 (Fla. 1952); and Thayer v. State,335 So. 2d 815, 817 (Fla. 1976) (where the Legislature has prescribed the manner in which something is to be done, it operates as a prohibition against its being done in any other manner).
[4] See Op. Att'y Gen. Fla. 05-44 (2005), and cases cited therein.
[5] See Grapeland Heights Civic Association v. City ofMiami, 267 So. 2d 321, 324 (Fla. 1972); Broward County v.Plantation Imports, Inc., 419 So. 2d 1145 (Fla. 4th DCA 1982);Ison v. Zimmerman, 372 So. 2d 431 (Fla. 1979); Ops. Att'y Gen. Fla. 79-109 (1979).
[6] 484 So. 2d 1374 (Fla. 4th DCA 1986). And see BrowardCounty v. Plantation Imports, Inc., supra, in which the court struck down a provision of the Broward County Consumer Protection Code which authorized the Consumer Protection Board to determine if there were violations of the Code and impose civil penalties for violation of any cease and desist orders. The court held the provision authorizing an administrative agency to impose a penalty, without such authority being provided by legislative act, was unconstitutional.
[7] 102 U.S. 603, 26 L. Ed. 246 (1880).