Dear Mr. McPherson:
On behalf of the Gilchrist County Commission, you have asked substantially the following question:
Is Gilchrist County authorized to adopt an ordinance providing that a person who fails to timely comply with the conditions of a civil citation imposed pursuant to statute, that is, fails to timely pay a civil penalty, is guilty of a misdemeanor'
In sum:
Gilchrist County has no authority to adopt an ordinance designating the failure to timely pay the civil penalty imposed pursuant to Part II, Chapter 162, Florida Statutes, as a criminal misdemeanor and is prohibited from doing so by Article I, section 18 of the Florida Constitution. Further, the clear terms of section 828.27, Florida Statutes, and the constitutional provisions discussed herein constitute a prohibition against Gilchrist County adopting an ordinance imposing a criminal penalty for failure to timely pay the civil penalty imposed pursuant to the county's animal control or cruelty ordinance adopted pursuant to section 828.27(2), Florida Statutes.
You note that Gilchrist County is authorized by various statutes to issue civil citations imposing civil penalties for violations of county regulations. You cite as examples the civil citations authorized for violations of animal control regulations under section 828.27, Florida Statutes, and the code enforcement provisions for civil citations authorized by Part II, Chapter 162, Florida Statutes. Apparently, Gilchrist County has adopted ordinances implementing both of these citation procedures, but many of those who receive citations do not pay the fine imposed. You ask whether the county is authorized to charge, as a separate misdemeanor offense, the failure to timely pay the penalty assessed pursuant to such statutes.
Resolution of your question is controlled by Section 18, Article I of the Florida Constitution which provides that "[n]o administrative agency, . . . shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law." Section 775.08(2), Florida Statutes, defines the term "misdemeanor," as "any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by a term of imprisonment in a county correctional facility, except an extended term, not in excess of 1 year." Clearly, a misdemeanor involves a potential sentence of imprisonment and would constitute a penalty. Section 775.08(2) also cautions that "[t]he term `misdemeanor' shall not mean a conviction for any noncriminal traffic violation of any provision of chapter 316 or anymunicipal or county ordinance[,]"[1] thus, precluding the application of a misdemeanor charge to a violation of any municipal or county ordinance. (e.s.)
Moreover, this office has concluded previously that a county is an "administrative agency" for purposes of section 18, Article I, Florida Constitution.[2] In Attorney General Opinion 79-109, this office concluded that a charter county does not have the authority to enact an ordinance which provides for the imposition of civil penalties by county agencies or which purports to authorize a county consumer protection board to impose a civil penalty for violation of that board's cease and desist orders.[3] Finally, section 18, Article I of the State Constitution prohibits the administrative imposition of any penalty "except as provided by law." The phrase "by law" contemplates an enactment of the Legislature.[4] It does not include or contemplate an ordinance of a noncharter county.[5] Accordingly, unless provided by law, I am of the view that a noncharter county cannot by ordinance provide that a person who fails to timely comply with the conditions of a civil citation, that is, who fails to timely pay a civil penalty, is guilty of a misdemeanor.
Your question is answered by application of Section 18, Article I of the Florida Constitution and no statutory provisions can operate to abrogate that constitutional prohibition. However, you have cited several statutory provisions and the following discussion treats the application and interpretation of those provisions. Chapter 162, Florida Statutes, establishes administrative enforcement procedures and a means of imposing administrative fines by local governing bodies for violations of local codes and ordinances for which no criminal penalty has been specified. Such a mechanism is necessitated by the provisions of Article V, section 1 and Article I, section 18, Florida Constitution, which state that commissions established by law or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices, and that no administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.[6]
In a number of previous opinions, this office has stated that a local government or its governing body derives no delegated authority from Chapter 162, Florida Statutes. Further, municipalities derive no home rule power from Article VIII, section 2(b), Florida Constitution, or section 166.021, Florida Statutes, to regulate the code enforcement boards or to impose any duties or requirements on such boards or to otherwise regulate the statutorily prescribed enforcement procedure.[7]
Thus, once a county has adopted the procedures of Chapter 162, Florida Statutes, to enforce its municipal codes and ordinances, it may not alter or amend those statutorily prescribed procedures but must utilize them as they are set forth in the statutes.
Your letter indicates that Gilchrist County has adopted the supplemental county code enforcement procedures of Part II, Chapter 162, Florida Statutes. Section 162.21, Florida Statutes, provides the enforcement procedures for violations of county codes or ordinances. As specifically stated in subsection (5) of the statute:
"A county or a municipality is authorized to enforce codes and ordinances under the provisions of this section and may enact an ordinance establishing procedures for the implementation of such provisions, including a schedule of violations and penalties to be assessed by code enforcement officers. If a county or municipality chooses to enforce codes or ordinances under the provisions of this section, each code or ordinance or the ordinance enacted by the county or municipality establishing procedures for implementation of this section shall provide:
(a) That a violation of a code or an ordinance is a civil infraction.
(b) A maximum civil penalty not to exceed $500.
(c) A civil penalty of less than the maximum civil penalty if the person who has committed the civil infraction does not contest the citation.
(d) For the issuance of a citation by a code enforcement officer who has reasonable cause to believe that a person has committed an act in violation of a code or an ordinance.
(e) For the contesting of a citation in county court."
Subsection (6) of the statute clearly provides that "[a]ny person who willfully refuses to sign and accept a citation issued by a code enforcement officer shall be guilty of a misdemeanor of the second degree. . . ." Thus, it appears that the Legislature authorized the imposition of a criminal penalty in a situation it deemed appropriate. It is a general rule of statutory construction that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[8]
Gilchrist County has adopted the provisions of Part II, Chapter 162, Florida Statutes, to enforce its county code provisions and must utilize the enforcement methods and penalties for violations of those ordinances. The county has no authority to adopt an ordinance designating the failure to timely pay the civil penalty imposed pursuant to Part II, Chapter 162, Florida Statutes, as a criminal misdemeanor and is prohibited from doing so by Article I, section 18 of the Florida Constitution. You have also cited section 828.27, Florida Statutes, relating to local animal control or cruelty ordinances and the penalties that may be imposed for violations of these ordinances. This statute authorizes the governing body of a county to enact ordinances relating to animal control or cruelty and requires that any such local legislation provide:
"(a) That a violation of such an ordinance is a civil infraction.
(b) A maximum civil penalty not to exceed $500.
(c) A civil penalty of less than the maximum civil penalty if the person who has committed the civil infraction does not contest the citation.
(d) For the issuance of a citation by an officer who has probable cause to believe that a person has committed an act in violation of an ordinance.
(e) For the contesting of a citation in the county court.
(f) That, if a person fails to pay the civil penalty, fails to appear in court to contest the citation, or fails to appear in court as required by subsection (6), the court may issue an order to show cause upon the request of the governing body of the county or municipality. This order shall require such persons to appear before the court to explain why action on the citation has not been taken. If any person who is issued such order fails to appear in response to the court's directive, that person may be held in contempt of court.
(g) Such procedures and provisions as are necessary to implement any ordinances enacted under the authority of this section." (e.s.)
The Legislature has expressed it's intent that local animal control or cruelty ordinances shall be civil infractions subject to civil penalties and provides an enforcement mechanism for failure to pay the civil penalty imposed for violations of any such ordinance.
Subsection (7) of this statute specifically authorizes local governments to enact animal control or cruelty ordinances that are identical to the provisions of Chapter 828, Florida Statutes, or any other state law, "except as to penalty." However, no local ordinance may conflict with the provisions of Chapter 828, Florida Statutes.[9] The statute also authorizes, "[n]otwithstanding the provisions of this subsection," the governing body of a county to enact an ordinance "prohibiting or regulating noise from any domesticated animal, violation of which shall be punishable upon conviction by a fine not to exceed $500 or by imprisonment in the county jail for a period not to exceed 60 days, or by both such fine and imprisonment, for each violation of such ordinance." Thus, the Legislature has provided counties with an option to impose criminal penalties for violations of section 828.27, Florida Statutes, but limited application of those penalties to situations involving violations of ordinances prohibiting or regulating noise. Where a statute sets forth exceptions, no others may be implied to be intended.[10]
Therefore, it is my opinion that the clear terms of section 828.27, Florida Statutes, and the constitutional provisions discussed above constitute a prohibition against Gilchrist County adopting an ordinance imposing a criminal penalty for failure to timely pay the civil penalty imposed pursuant to the county's animal control or cruelty ordinance adopted pursuant to section 828.27(2), Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] And see Broward County v. La Rosa, 484 So. 2d 1374 (Fla. 4th DCA 1986) (discussing the term "penalty" as used in the Florida Constitution and relying on the definition used by the United States Supreme Court inUnited States v. Chouteau, 102 U.S. 603, 26 L. Ed. 246 (1880), wherein it was stated that the term "penalty" involves the idea of punishment and its character is not changed by the mode in which it is inflicted, whether by civil action or criminal prosecution). Cf. Op. Att'y Gen. Fla. 78-111 (1978), discussing a municipal ordinance adopting or incorporating by reference the criminal or penal statutes of the state and the double jeopardy implications of any such action.
[2] See Op. Att'y Gen. Fla. 79-109 (1979). See also Op. Att'y Gen. Fla. 46-180 (1946), reaching the same conclusion as to prior constitutional provisions.
[3] See Broward County v. Plantation Imports, Inc., 419 So. 2d 1145
(Fla. 4th DCA 1982), expressly approving the conclusion reached in Op. Att'y Gen. Fla. 79-109 (1979). Cf. Op. Att'y Gen. Fla. 81-76 (1981) (discussing imposition of penalties for violations of municipal ordinances and noting that limitations provided by Legislature in statutory law setting forth penalties should serve as guidelines for municipality exercising home rule powers).
[4] Grapeland Heights Civic Association v. City of Miami, 267 So. 2d 321,324 (Fla. 1972); Broward County v. Plantation Imports, Inc., supra, at 1148.
[5] See Op. Att'y Gen. Fla. 84-51 (1984).
[6] See Ops. Att'y Gen. Fla. 85-84 (1985) (municipal code enforcement board must find that same violation has been repeated by same violator before a fine for each day the repeated violation occurred past the date set for compliance may be imposed by the board); and 79-109 (1979) (governing body of charter county prohibited in absence of statutory authorization from providing by ordinance for imposition of civil penalties by agencies); Broward County v. Plantation Imports, Inc.,419 So. 2d 1145 (Fla. 4th DCA 1982) (holding that the provisions of a county ordinance authorizing assessment of penalties by county agency was unconstitutional and agreeing with conclusion in Op. Att'y Gen. Fla. 79-109). See also Ops. Att'y Gen. Fla. 84-51 (1984) (ordinance of noncharter county not a "law" within the purview of s. 5(c), Art. II, State Const.); and 84-39 (1984) (municipal ordinance not a "law" within the meaning of s. 8, Art. I, State Const.)
[7] See Ops. Att'y Gen. Fla. 97-26 (1997), 86-10 (1986), 85-84 (1985), 85-27 (1985), 85-17 (1985), and 84-55 (1984).
[8] Alsop v. Pierce, 19 So. 2d 799, 805-806 (Fla. 1944); Dobbs v. SeaIsle Hotel, 56 So. 2d 341, 342 (Fla. 1952); Thayer v. State,335 So. 2d 815, 817 (Fla. 1976).
[9] And see s. 775.04, Fla. Stat., which provides that "[a]cts or omissions to which a pecuniary penalty is attached, recoverable by action . . . for the use, in whole or in part, of the state or of a county or a public body, . . . are not public offenses within the meaning of these statutes."
[10] See Dobbs v. Sea Isle Hotel, 56 So. 2d 341, 342 (Fla. 1952);Biddle v. State Beverage Department, 187 So. 2d 65, 67 (Fla. 4th DCA 1966); Williams v. American Surety Company of New York, 99 So. 2d 877,880 (Fla. 2d DCA 1958).